STATE of Missouri, Respondent,

v.

Henry Ray PARKS, Appellant.

No. 47763.

Supreme Court of Missouri,
Division No. 1.

June 13, 1960.

Hale W. Brown, Kirkwood, for appellant.

John M. Dalton, Atty. Gen., Calvin K. Hamilton, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant was found guilty of burglary in the second degree and his punishment fixed at imprisonment in the penitentiary for a term of two years. The information also charged the offense of larceny in connection with said burglary but the prosecuting attorney entered a nolle prosequi as to the charge of larceny at the close of all the evidence. Defendant has duly appealed from the judgment entered upon the burglary conviction.

Rudy Burrell operated Harvey's Tavern located at 203 W. 7th Street in Rolla, Missouri. When he "closed up" on the evening of January 1, 1958, he locked the front door with a hasp and padlock. It was later discovered that someone had pried the hasp off the door and had entered the premises. The money box in a coin-operated bowling

machine in the place had been pried open and the contents (estimated at from $15 to $20) taken therefrom. Mr. Burrell also missed a "few other items" including a blackjack and some pictures that were kept in an old cigar box.

At about 9:30 p. m. on January 3, 1958, defendant and Woodrow Funke were arrested and taken to the Rolla police station. At that time defendant had $22.45 in change in his coat pocket. Shortly after arriving at the station defendant and Funke were permitted to go into a small rest room located near the office of the radio operator. After they came out the radio operator went into the rest room and found a portion of a picture in the stool. That item was identified by Mr. Burrell as a part of one of the pictures taken from his tavern.

Defendant was questioned by the police and admitted his participation in the burglary. According to Albert Light, a police officer, defendant stated "that about 11:30 at night, they drove—he'd parked his car in front of Harvey's Tavern, headed east on 7th Street there, and that they both went down to see what kind of a lock was on the door. And he got the screwdriver, Funke tore the lock off the door, and he [defendant] stood watch while he—while he tore the lock off. Funke went in first, and he stayed out and watched. And then Henry said that he went in * * *." Defendant did not testify or offer any evidence at the trial.

■ No brief has been filed by defendant and we will therefore review the assignments properly made in his motion for new trial. State v. Statler, Mo.Sup., 331 S.W.2d 526.

■■ The first assignment is that the court erred in failing to sustain defendant's motion for entry of a judgment of acquittal. That contention is obviously without merit. A reference to the foregoing brief statement of facts will show that there was evidence from which the jury could reasonably have found all of the essential elements of the crime charged. See Section 560.070 RSMo 1949, V.A.M.S. There was evidence of a forcible breaking and entering (by defendant and Funke) into the building in which goods, wares and merchandise were kept, under circumstances which would warrant an inference of an intent to steal. That is all that the statute requires.

■ The next assignment is that "the court erred in permitting the State to introduce evidence on the charge of larceny in connection with the burglary charge which the State well knew that it could not prove, and then permit the State to withdraw the charge of larceny greatly prejudicing this defendant in the eyes of the jury on the charge of burglary which was submitted to the jury." In that connection we observe that there is nothing in the transcript to indicate that the prosecuting attorney was not in good faith in his endeavor to prove the charge of larceny. Evidence tending to prove the larceny was certainly admissible as that charge was not dismissed until after the presentation of evidence had been concluded. Moreover, even had there been no charge of larceny, evidence tending to show the larceny of goods from the tavern would have been admissible as tending to identify defendant with the burglary and to prove an essential element of burglary, i. e., intent to steal. State v. Meeks, 327 Mo. 1209, 39 S.W.2d 765. We rule this contention adversely to defendant.

■ The final assignment is that the court erred in admitting in evidence exhibit S–1, the portion of the picture heretofore referred to. An examination of the transcript discloses that the exhibit was admitted under the following circumstances:

"Mr. White: Offer into evidence S–1, which is the—

"Mr. Brown: No objection. Pass it to the jury.

"The Court: All right; be admitted into evidence."

Since defendant did not object to the admission of the exhibit it is obvious that there is nothing before us for review. State v. White, Mo.Sup., 301 S.W.2d 827.

An examination of that part of the record relating to matters not required to be preserved in the motion for new trial discloses no error.

Judgment affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.