STATE of Missouri, Respondent,

v.

Joseph Anthony LIRA, Appellant.

No. 49912.

Supreme Court of Missouri,

Division No. 2.

Nov. 11, 1963.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, attorneys for respondent.

Charles M. Shaw, Clayton, for appellant.

PRITCHARD, Commissioner.

■ The jury found defendant guilty of second degree burglary of a business building as charged in the information, and assessed his punishment at two years in the Department of Corrections of the State of Missouri. Defendant has filed no brief, so in accordance with the requirements of Supreme Court Rule 28.02, V.A.M.R., we must examine all of the assignments of error properly raised in the defendant's motion for new trial.

■ Since defendant challenges the sufficiency of the evidence to sustain his conviction, we set forth the evidence below in its light which is most favorable to the state. State v. Sawyer, Mo., 365 S.W.2d 487, 491 [4, 5]; State v. Baldwin, Mo., 358 S.W.2d 18, 22 [2].

George H. Mehringer was the owner and operator of the Ben Franklin Variety Store in Hermann, Missouri. In the morning of February 5, 1962, he arrived at his store premises (the building of which was leased by Mr. Mehringer from Mr. Edgar Obenhaus) between a quarter after 7:00 and 7:30 o'clock, and found that the doors on the east side of the store building were wide open, the door frame was split and the door lock was lying on the sidewalk. Mr. Mehringer immediately reported this to the sheriff, and the deputy sheriff from Owensville came to the premises and made an investigation. After Mr. Mehringer went inside the store he found the file cabinets, file boxes and the Simplicity Pattern box had the drawers wide open. In the basement stockroom there had been placed a blue duffel bag which had a defective handle, this bag having been returned by a customer. Mr. Mehringer had seen the duffel bag (marked State's Exhibit 1) in the stockroom on a shelf prior to February 5th, but he did not tell the deputy sheriff that it was missing although he said he noticed that it was missing from its place on the shelf after the burglary. The police officers showed him the bag sometime after

it was stolen, and he then identified it as his property.

On March 14, 1963, Detective Thomas Boulch arrested defendant and one Fred Dietrich at North Florissant and Hebert Avenue in St. Louis, Missouri, upon suspicion of burglary, and during the course of the arrest he found under the rear seat of defendant's station wagon the blue canvas, zipper-type bag identified as State's Exhibit 1. Defendant was then taken to Troop C Headquarters of the State Highway Patrol at Kirkwood, Missouri, where he was fingerprinted and questioned by Lieutenant Maxey who had the blue duffel bag on his desk at the time. Maxey told the defendant that he was going to ask him some questions concerning the bag, and that anything he might say could be used against him, and defendant told him he realized that. Maxey testified that defendant declined to give a written statement, but told him orally that on February 5, 1962, he and one Fred John Dietrich went to Hermann, Missouri, and after arriving they broke into a store, which defendant thought was the Ben Franklin Store, by forcing or prying open the front door. Defendant and Dietrich, according to this oral statement, were going to look for a safe, but did not find one in the building, so they picked up the blue duffel bag and a few articles, put them into the bag and left the store.

In defendant's first assignment of error it is claimed that there was no competent evidence on behalf of the state to prove that goods of any sort were taken or carried away from the premises in question, therefore defendant's motion for judgment of acquittal should have been sustained.

■ Under the provisions of Sec. 560.070, RSMo 1959, V.A.M.S., defining the offense of burglary of enclosures besides dwelling places, it is not necessary for the state to prove that goods of any sort were taken or carried away from the premises. It is sufficient for the state to show (as was done in this case) that a

breaking and entering occurred in a building in which there shall be at the time "* * * any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein * * *." Sec. 560.070, supra. See State v. Adams, 339 Mo. 926, 98 S.W. 2d 632, 637 [4], 108 A.L.R. 838 where this court said, "But asportation is not an essential element of burglary, that crime being complete when there has been a breaking and entering with intent to commit a felony, section 4042, RSMo 1929 (Mo.St. Ann. § 4042, p. 2846); 9 C.J. § 3, p. 1009." The evidence here is that the Ben Franklin Store contained some 8,000 items of merchandise. The fact that the blue duffel bag found by the officer in defendant's automobile upon his arrest, together with defendant's statement that he and Dietrich pried open the door to the store to look for a safe, is sufficient for the jury to infer that defendant had the requisite intent to steal. State v. Parks, Mo., 336 S.W.2d 369, 370 [2, 3]. This assignment of error is ruled against defendant.

Defendant's second assignment of error that there was no competent evidence that he burglarized into or in anyway broke into and entered said premises is also ruled against him. There was direct and positive evidence to show that the door of the store building was broken and pried open; defendant admitted to the officers that he did this act and entered the store. Again, the possession by defendant of the blue duffel bag, without more, would warrant an inference that he was within the store where, prior to the burglary, the bag was kept.

During cross-examination of state's witness, Lieutenant V. E. Maxey, the following occurred:

"Q. (By Mr. Shaw) I'm going to ask you this: do you remember making a statement then that when Lira admitted to you that he had burglarized this place in Hermann, do you remember making the statement that the officers that were present at the time he made the statement were Trooper R. E. Beck, W. L. Hutchings, Trooper R. E. Mudd, Joseph Lira and Freddy Dietrich; do you remember saying that?

"A. Which burglary are you talking about?

"Q. I'm talking about the 5th day of February, 1962.

"MR. SHAW: And I'm going to ask that the Court declare a mistrial and discharge the jury. I ask that the jury be discharged and a mistrial declared because of an improper, prejudicial remark made by the witness who knows better.

"The Court: Overruled.

"MR. SHAW: My exception."

For his third assignment of error, defendant says that the above "unresponsive and voluntary reply by Lt. Maxey had the effect of unduly prejudicing the Defendant in the eyes of the Jury and in effect was a comment upon other arrests and crimes for which the Defendant was charged but not presently on trial."

There is no evidence here of any other charge against defendant other than the officer's testimony that defendant and Dietrich were first arrested upon suspicion of burglary. It does not appear whether or not that suspicion was resolved into a formal charge, so there is no support to defendant's assignment, in part, that the officer's answer was in effect a comment upon other arrests and crimes for which the "Defendant was charged but not presently on trial."

While the officer's unresponsive and voluntary answer was improper, (admitted by the state) defendant did not request the trial court to instruct the jury to disregard the answer, but merely requested a mistrial. In such circumstances it would have been better for the trial court to have

so instructed the jury on his own motion, but we cannot say that it was an abuse of discretion that he did not instruct the jury to disregard the officer's unresponsive statement, or that he refused to grant the requested mistrial. The trial court is in better position to weigh the prejudicial effect upon the jury in such matters. State v. Baker, Mo., 293 S.W.2d 900, 902 [1]; State v. Statler, Mo., 331 S.W.2d 526, 531 [13, 14]; State v. Richardson, Mo., 343 S.W.2d 51, 53 [2, 3]. Defendant's third assignment of error is overruled.

Under defendant's last assignment of error it is contended that the trial court erred in overruling his motion for judgment of acquittal in that he competently established an alibi and conclusively proved he was not present at the scene of the commission of the burglary at the store leased by George Mehringer.

 The evidence as to alibi is that defendant went to Chicago, Illinois, on the date or dates in question (February 4 and 5, 1962), and helped one Ford Ligon tow his disabled automobile to St. Louis, Missouri. These facts, sought by defendant to be established, if believed by the jury, would place him at some other place at the time of the commission of the offense. The jury was instructed as to defendant's alibi defense. The fallacy of defendant's contention is that all of the testimony, including his own, is for the jury to determine as to its truth. State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327, 329 [2, 3]; State v. Davis, Mo., 365 S.W.2d 577, 580 [5]. This assignment of error is likewise overruled.

Pursuant to our discretionary authority under Supreme Court Rule 27.20(c), V.A.M.R., we have examined the record to determine if there may have been any plain errors affecting substantial rights. We find none. The information charging second degree burglary is sufficient to apprise defendant of that alleged offense. Defendant was duly arraigned and entered his plea of not guilty. The verdict of the jury is in proper form and is responsive to the issues. Defendant filed his motion for new trial which was overruled. Thereafter, defendant was informed of the verdict of the jury, allocution was granted, and judgment of conviction was entered. The sentence was in accordance with the verdict, and was within the permissible limits of the offense charged. Defendant was accorded a fair trial, throughout which he was present.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.