**STATE of Missouri, Respondent,**

v.

**Barnett BOWMAN, Appellant.**

**No. 56200.**

Supreme Court of Missouri,
Division No. 1.

Nov. 8, 1971.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

H. Jackson Daniel, Clayton, for appellant.

HIGGINS, Commissioner.

Barnett Bowman, with prior conviction for robbery, first degree, by means of a dangerous and deadly weapon, was convicted by a jury of burglary, second degree. The court assessed defendant's punishment at five years' imprisonment and rendered judgment and sentence accordingly. §§ 556.280, 560.070, 560.095, V.A.M.S.

Appellant's only point is that "there is no evidence that defendant did forcibly break and enter 5441 Easton and therefore he cannot be guilty of a felony." His argument is that "the proper charge should have been * * * trespass * * *. There is no evidence that defendant entered the property of the complaining witness. That he was found in premises not his own is not disputed. * * * There is no evidence of ownership of the adjoining building, in which defendant was found, the same being required by Section 560.070, R.S.Mo., 1959."

Statement of this case, accepting as true all evidence, both direct and circumstantial, tending to prove defendant's guilt, together with all favorable inferences that can reasonably be drawn, and disregarding all contrary evidence and inferences, State v. Chase, Mo., 444 S.W.2d 398, 401 [1], refutes appellant's contention and demonstrates a submissible case of burglary, second degree, as defined by Section 560.070, V.A.M.S. State v. Thomas, Mo., 452 S.W. 2d 160, 162 [1–3].

On January 23, 1970, Lottie Mae Chisum had been the owner for seven years of a variety and liquor store at 5441 Easton Avenue, St. Louis, Missouri. At 10:30 p. m. that date, she locked her store; at 4:30 a. m., January 24, 1970, she returned to the store and found that a side door, previously fastened with plywood and a bar, had been broken. The broken door led to a basement under her store. She did not use the door and had shelves in front of it in the store. Entry to the basement could be gained through a coal chute in the sidewalk. She discovered that several pints and half pints of her liquor stock were missing.

Mrs. Chisum was acquainted with defendant and she recognized him when he was arrested along with Lawrence Batts on the

morning of January 24, 1970, at her store. She had never given either permission to use any of her property, and she previously had known defendant to buy wine and to beg her for liquor. Mrs. Chisum identified about twenty-two pints and half pints of Fleischmann's gin and Hundred Pipers (Scotch whiskey) of a value of about $35 which police found near defendant and Batts when they were arrested. These items were the type of items missing from the shelf behind the broken door of her premises. There also were the remnants of some broken items on the floor below the shelf.

Patrolman David Hill was in the 5400 block of Easton Avenue at 4:33 a. m., January 24, 1970, when an alarm sounded that took him to Mrs. Chisum's store. He observed that the metal doors to the coal chute in the sidewalk were open to the basement under the store. He called for an officer and dog. The dog was taken down the coal chute to the basement. Upon release, the dog, a ninety-five pound German shepherd, went upstairs from the basement to a landing where defendant and Batts were found lying face down; they made no attempt to flee from the dog. About one and one-half feet from defendant's head was a box containing twenty-five or twenty-six pint and half-pint bottles of liquor. Also found was a small pinch bar and a screwdriver. Patrolman Hill observed that the plywood door covering had been pried to create an opening space of two to two-and-a-quarter feet.

Defendant was a construction laborer who frequently used crowbars to pry plywood forms from concrete construction. He was paid $5.73 an hour when working; he had not been working since December due to cold, icy weather.

This evidence shows a forcible breaking of a store building owned by Lottie Mae Chisum, and that someone entered it sufficiently to take some of her liquor from a shelf within the store. Proof of such elements constitutes burglary, second degree, under Section 560.070, V.A.M.S.

State v. Parks, Mo., 336 S.W.2d 369, 370 [2, 3].

The evidence further supports the inferences necessary to find defendant guilty of the burglary. Defendant's entry, presence, and participation could be inferred from his being found face down in hiding on a landing but a few feet from the broken door, State v. Cobb, Mo., 444 S.W.2d 408, 412 [1, 2]; State v. Fields, Mo., 434 S.W.2d 507, 516–517. His possession of fruits and tools of the crime could be inferred from the liquor and burglary tools found less than two feet from his head, State v. Cobb, supra, 444 S.W.2d 1. c. 414 [9, 10].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.