STATE of Missouri, Respondent,

v.

Alvertis COX, Appellant.

No. 40794.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1979.

Motion for Rehearing or Transfer
Denied Nov. 20, 1979.

Raymond Howard, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Brenda Farr Engel, Steven D. Steinhilber, Asst. Attys. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction by a jury of the offense of assault with intent to kill with malice aforethought. The jury

assessed his punishment at twenty-five years in the Department of Corrections. Defendant had previously been tried for the same offense. On appeal, our court vacated that judgment and sentence of twenty years and remanded the case for a new trial because the court reporter failed to furnish a transcript of the record.

At the second trial, both the victim, Marion Long, and defendant related their versions of the episode. According to victim Long, he had previously borrowed five dollars from defendant which he had sought to repay by attempting to leave the money with a third party. On the afternoon of the incident, Long happened upon defendant in a bar at which time he told defendant he would pay a debt in a few days. Defendant replied: "Keep the five dollars." At some point defendant went outside and Long followed. Long found defendant smoking a "stick of marijuana." Defendant refused to talk to Long about repayment. As Long unlocked his car, defendant approached him from the rear. Defendant carried a brown paper bag from which he pulled a black automatic. When Long attempted to grab the defendant, the defendant shot him saying: "I'm tired of niggers owing me money." The defendant shot Long a second time, paralyzing him from the waist down. Long contends he had no gun and none was found. The police arrested the defendant several months later.

Defendant's testimony did not vary significantly from Long's until he related what transpired at the time of the shooting. Defendant testified he went outside to flag down a cab. While outside he smoked a cigarette. He returned to the tavern. On the way out the second time he ran into his brother-in-law. He saw Long come out and go to his car to get "something." Long then came up to the defendant and shoved him saying he was not going to give the defendant a "damn thing". The defendant shoved back. Long then pointed a small pistol at defendant and pulled the trigger. It clicked but did not fire. Defendant had a .32 revolver in his waistband which he used to shoot Long. Defendant stated that because Long continued to point a gun at

him and pull the trigger, he fired another shot. Thereafter, because he was afraid he ran. About a year later the police arrested the defendant and Long identified him.

█ Defendant's first two points relate to the court's failure to grant a mistrial on two separate occasions during the trial. Initially, we note not every error which occurs during trial requires the court to declare a mistrial. The granting of a mistrial is a drastic remedy and should be exercised only in extraordinary circumstances. *State v. Nolan,* 423 S.W.2d 815, 818 (Mo.1968). Declaration of a mistrial is discretionary with the trial court and an appellate court will not reverse unless there is a clear abuse of that discretion. *State v. Tyler,* 556 S.W.2d 473, 476 (Mo.App.1977).

█ Defendant first contends the court erred in failing to grant a mistrial when Long testified that he and his wife were separated after the alleged shooting. Defendant claims the testimony was irrelevant to the issues and was introduced only to incite the emotions of the jury against the defendant. To support this claim, defendant points to the introduction of evidence by the State which showed the shooting caused Marion Long to be paralyzed for life. Defendant contends the testimony concerning the breakup of Long's marriage prejudicially put before the jury the inference that because defendant caused Long's paralysis, he also caused the marital breakup.

Defendant's objection was sustained. The Court denied the request for a mistrial but instructed the jury to disregard the remarks. The state did not undertake to exploit the remarks in any way. We find no abuse of discretion in the court's failure to grant a mistrial in this instance.

█ Defendant next contends that the court erred in failing to grant a mistrial when Long stated that he found the defendant smoking marijuana outside the bar prior to the offense. Long's testimony was not in response to a question.

The record shows:

Q. You followed him outside?

A. Right.

Q. Okay.

A. So he was there, he was kneeling down, smoking a stick of marijuana.

Defendant objected and requested a mistrial claiming the comment was irrelevant, prejudicial and not part of the res gestae. The court overruled the objection and denied the request for a mistrial. In his motion or a new trial and on appeal, defendant claims this testimony was grounds for a mistrial because it was highly inflammatory, irrelevant, prejudicial and not part of the res gestae. The State claims the testimony was admissible as part of the res gestae. Alternatively, the State submits that if we find the testimony inadmissible, the conviction should not be reversed because the defendant failed to demonstrate any prejudice. We find that the testimony was not admissible as part of the res gestae.

█ In the argument portion of defendant's brief he claims that the smoking of marijuana was evidence of another crime: possession of marijuana. However, the defendant failed to raise this objection in the trial court, in his motion for new trial and in his point on appeal. Therefore, such objection is not available here. *State v. Price,* 513 S.W.2d 392, 396 (Mo.1974).

Even if the defendant had properly raised this objection, it would not necessarily require a reversal. Possession of marijuana is evidence of another crime and as it appears here it fails to be admissible under any of the exceptions. In most cases the improper admission of evidence of another crime necessitates a reversal; however, such action is not required here. A similar circumstance occurred in *State v. Lira,* 372 S.W.2d 80 (Mo.1963) wherein the witness volunteered a statement which the defendant claimed was a comment upon other arrests and crimes. There, our Supreme Court said:

While the officer's unresponsive and voluntary answer was improper, (admitted by the state) defendant did not request the trial court to instruct the jury to disregard the answer, but merely requested a mistrial. In such circumstances it would have been better for the trial court to have so instructed the jury on his own motion, but we cannot say that it was an abuse of discretion that he did not instruct the jury to disregard the officer's unresponsive statement, or that he refused to grant the requested mistrial.

*Id.* at 82. *See State v. Sykes,* 559 S.W.2d 643 (Mo.App.) (wherein Judge McMillian writing for our court held that the introduction of evidence of other crimes did not mandate reversal, reasoning, in part, that the statement was volunteered.) We agree that it would have been better for the court to have instructed the jury to disregard the statement about smoking marijuana, but in light of the record before us we cannot say the court abused its discretion in failing to grant a mistrial.

█ As his final point, defendant contends the jury verdict assessing punishment at twenty-five years was clearly excessive and not warranted by the facts of the case. He maintains that since the jury had learned that defendant had had a prior trial, they "could have sentenced [him] to twenty-five years to punish him for obtaining a new trial." As enunciated in *Chaffin v. Stynchcombe,* 412 U.S. 17, 35, 93 S.Ct. 1977, 1987, 36 L.Ed.2d 714 (1973) a jury's resentencing cannot be attacked as excessive "so long as the jury is not informed of the prior *sentence* and the second sentence is not otherwise shown to be a product of vindictiveness . . . ." (emphasis added). *See also State v. Howell,* 543 S.W.2d 836, 842 (Mo.App.1976). Here, the record shows the trial court sustained defendant's objection to evidence and testimony of a prior trial and that the jury had no knowledge of the prior sentence. Thus defendant cannot complain that the jury's sentence was motivated by this knowledge. Also there is no showing that the resentencing was the product of vindictiveness. The jury imposed a sentence clearly within the statutory parameters for this offense.

Judgment affirmed.

GUNN and CRIST, JJ., concur.