**STATE of Missouri, Respondent,**

v.

**Frank John STATEN, Jr., Appellant.**

**No. 55252.**

Supreme Court of Missouri,
Division No. 1.

March 13, 1972.

Motion for Rehearing or to Transfer to
Court En Banc Denied
April 10, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Lawrence O. Willbrand, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from three-year sentence, imposed under Second Offender Act, upon jury verdict of guilty of stealing.

An information, under § 560.110, RSMo 1969, V.A.M.S., filed in the St. Louis Circuit Court, charged Frank John Staten, Jr., with breaking and entering the dwelling house of Margaret Herron at 1709 N. Pendleton Avenue, with the intent to steal, and with "feloniously and burglariously" stealing property of Margaret Herron of the value of $125.00.

Upon a trial, the issue of guilt was submitted under three instructions. No. 1 authorized a finding of guilty of burglary, second degree. No. 2 authorized a finding of guilty of stealing in connection with the burglary, if the jury found defendant guilty of burglary. No. 3 authorized a finding of guilty of stealing in the event the jury found defendant not guilty of burglary, if the jury found that defendant "did wrongfully and feloniously steal from Margaret Herron merchandise and property that were kept and deposited at 1709 Pendleton Avenue, to-wit (typewriter, radio, television, record player) of any value whatever, * * * ." Four forms of verdict were given the jury. One was for finding of guilty of burglary and stealing, one for guilty of burglary and not guilty of stealing, one for guilty of stealing and not guilty of burglary, and one of not guilty. The jury returned its verdict on the third form:

"We, the jury in the above entitled cause, find the. defendant guilty of Stealing. We further find the defendant not guilty of Burglary in the Second Degree."

The court entered a judgment that defendant had been found guilty of "stealing" and sentenced him to three years' imprisonment.

Appellant contends that, under State v. Cline, Mo.Sup., 447 S.W.2d 538, his acquittal on the burglary charge precluded a finding of his guilt for stealing under an information pursuant to § 560.110, RSMo 1969, V.A.M.S., authorizing joint prosecution for burglary and larceny. Even more in point, insofar as the appellant is con-

cerned, is the decision in State v. Collins, Mo.Sup., 465 S.W.2d 576, in which, under the same circumstances as here exist, the court held that a finding of not guilty of burglary and guilty of larceny is not authorized under an information charging the offenses jointly under § 556.110, supra.

The decisions in Cline and Collins govern here and Collins requires that the judgment be reversed and defendant discharged.

The state attempts to distinguish Cline on the grounds that the stealing here proved would in any event be a felony because it was from a dwelling. § 560.161(2) (1), RSMo 1969, V.A.M.S. Although this argument apparently was not advanced in Collins, it is worthy of note that, in that case, the burglary charged was of a dwelling and the stealing was from a dwelling. Even without Collins, the state's argument must be rejected. The information did not charge stealing from a dwelling. It charged "burglarious" stealing. No issue of stealing from a dwelling was submitted to the jury. There was no verdict finding defendant guilty of stealing from a dwelling and the judgment does not show a conviction of stealing from a dwelling. Therefore, there is no basis for a conviction of stealing from a dwelling and the judgment cannot be upheld on that theory.

The state urges that State v. Cline, supra, be overruled and that this court accept the rationale of Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, in which it was held that an inconsistent jury verdict in a criminal case benefits the defendant and he cannot be heard to complain of it. The rationale of Cline is that § 560.110, supra, defines a separate and distinct offense of burglary and burglarious stealing. Burglary is a constituent element of a stealing charge under that statute and a jury verdict such as this is not merely inconsistent. It shows conclusively that the jury has failed to find a constitu-

ent element of the offense and therefore it cannot stand.

Reversed and defendant discharged.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.