**STATE of Missouri, Respondent,**

v.

**Billy Dean PAULEY, Appellant.**

**No. KCD 26435.**

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

L. E. Atherton, Milan, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

Appellant was convicted of burglary second degree, but was acquitted of a charge of stealing in conjunction with the burglary, by the verdict of a jury. His sentence was imposed by the court, in accordance with the verdict, at two years imprisonment in the Department of Corrections.

■ Appellant's first point is that Instruction No. 3 was erroneous because it did not require a finding that there were goods, wares and merchandise kept in the burglarized building, as charged in the information. The matter is not presented for review because it was not claimed as error in the motion for new trial. The only thing relative to the instruction in the motion for new trial is: "The court erred in giving Instruction No. 3 in that there was no proof of intent on the part of defendant to steal, take and carry away and the jury so found" which is merely an allegation of error that the instruction was not supported by the evidence. Nothing was presented to the trial court that the instruction omitted any claimed essential element of the crime. Point I will not be further noticed and is overruled.

■ Under Points II and III, appellant claims that there was insufficient evidence to support stealing of more than $10.50 worth of goods. As noted, appellant was convicted only of the burglary. He was acquitted of stealing. In State v. Ash, 286 S.W.2d 808, 812 [11] (Mo.1956), the court said, "We think the submission of the larceny charge was appropriately worded; but, whether this be so or not, the verdict of the jury acquitted defendant of the larceny and he is in no position to successfully urge error in connection with its submission. (Citing cases.)" Ash disposes of appellant's contentions, and Points II and III are overruled.

■ The claim of error under Point IV, that "Instructions 3, 4 and 5 are misleading and confusing and do not properly state law and confused the jury" is too general, and lacking in specificity to present anything for appellate review. Rule 84.04(d) V.A.M.R.; State v. Jordan, 235 S.W.2d 379, 383 [7, 8] (Mo.1951); State v. Deiter, 446 S.W.2d 609 (Mo.1969). Point IV is overruled.

■ In Point V, appellant claims that the finding of guilt on the charge of burglary and the finding on the charge of stealing of not guilty is inconsistent, in the latter finding "removed the only intent in the case", and he should have therefore been discharged. It is sufficient here that the evidence showed that "goods, wares and merchandise or other valuable thing" were kept in the building to sustain the conviction of burglary in the sec-

■

ond degree under § 560.070, RSMo 1969, V.A.M.S. It is not essential to that offense that the state prove that anything was actually taken from the building, as the jury must here have found not to have been taken. State v. Hooper, 494 S.W.2d 306, 309 [4, 5] (Mo.1973); State v. Lira, 372 S.W.2d 80, 81 [3–5] (Mo.1963). The evidence showed that appellant threw a brick through the window of the building and then entered it. Under Lira, supra, that is sufficient to show the requisite intent to steal.

Under Point VI, appellant says that the court erred in denying his offer of proof that a principal witness and three other boys on the night in question had said, "We'll now have to wait, there's cars going up and down here and we can't break in now." This assignment of error was likewise omitted from appellant's motion for a new trial. State v. Bowens, 476 S.W.2d 495, 498 [5] (Mo.1972); Jordan, supra. Point VI is also overruled.

The judgment is affirmed.

All concur.