STATE of Missouri, Plaintiff-Respondent,

v.

Joseph PARHM, Defendant-Appellant.

No. 37383.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 20, 1976.

Motion for Rehearing or Transfer
Denied Aug. 18, 1976.

William Shaw, Public Defender, David M. Adams, Asst. Public Defender, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Christopher R. Brewster, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Ann Frances Carpini, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant was convicted of burglary in the second degree and stealing. Under the Second Offender Act, the court fixed punishment at eight years for the burglary and two years for stealing which were ordered to run consecutively.

Defendant first contends that it was error for the trial court to fail to instruct the jury that they could consider whether the defendant was guilty of stealing over $50.00 for the reason that the evidence supported an instruction on such charge. Defendant was charged with burglary and stealing under § 560.110, RSMo 1969. He was not charged with the independent crime of stealing. When a defendant is charged with the crime of stealing in conjunction with burglary, a finding that the defendant is guilty of burglary is a condition precedent to any finding that the defendant is guilty of stealing. *State v. Auger*, 434 S.W.2d 1, 5[4] (Mo.1968). In such circumstances, the act of stealing is a dependent offense. *State v. Cline*, 447 S.W.2d 538, 541[1] (Mo. banc 1969). Where one is charged with burglary and stealing under an information or indictment pursuant to § 560.110, *supra*, the court may not properly acquit the defendant of burglary and convict him of stealing. *State v. Staten*, 478 S.W.2d 265 (Mo.1972); *State v. Smith*, 462 S.W.2d 425, 426[2] (Mo.1970).

Defendant further contends that it was error for the trial court to sustain the state's objection to that portion of the defendant's final argument in which he alluded to the absence of fingerprint evidence. He contends that this was proper final argument and a suitable matter for the jury's consideration. That same contention was made in *State v. Terry*, 472 S.W.2d 426, 430[8] (Mo. banc 1971). The court there held that a defendant could not in argument draw an unfavorable inference from the state's failure to take fingerprints from articles touched by him because it is not incumbent on the state to take fingerprints.

Finding no error, the judgment is affirmed.

McMILLIAN and RENDLEN, JJ., concur.