STATE of Missouri, Plaintiff-Respondent,

v.

Harold MASSEY, Defendant-Appellant.

No. 37483.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 21, 1976.

---

Shaw, Howlett & Schwartz, St. Louis, Joe G. Harms, II, Salisbury, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

Defendant was convicted by a jury of burglary in the second degree, § 560.070 RSMo 1969, and sentenced to 4 years in the custody of the Department of Corrections under the Second Offender Act. Defendant appeals.

The state's evidence against defendant relied primarily upon testimony given by Vicent Gann. Gann testified that he owned and operated a business called the Midwest Bargain Barn. Gann went to the building housing his business at approximately 7:45 p. m. on Sunday April 6, 1975. As Gann prepared to unlock the plate glass door in the front of the building, he saw a man that he identified as the defendant bending down and standing up behind a counter in which binoculars were stored. Gann testified that defendant stood close to the cash register and that a box was on the counter which had not been left on the counter at the close of business. Gann recognized the defendant as the man who had sold Gann an air compressor at the Midwest Bargain Barn the prior day. When Gann last left

his business, he had locked the doors and windows and none of the windows were broken. Gann said that after he observed defendant in the building he jumped back from the door, hoping defendant had not seen him. Gann then left the building to summon police. When Gann and the police returned, they found a rear window broken, and Gann discovered that $10.00 from the cash register and a set of binoculars were missing from the store. Defendant was not present. An automobile parked in the Midwest Bargain Barn's parking lot belonged to defendant.

■ Defendant argues that the state did not prove the specific intent element of burglary[1] and that therefore the trial court erred in denying his motion for judgment of acquittal and erred in denying his motion for a new trial. We disagree. The state presented ·sufficient evidence to allow a jury to find that defendant broke and entered the Midwest Bargain Barn with the intent to steal. In the typical burglary prosecution, the specific intent requirement is proven by circumstantial evidence. The state has sufficiently proven the intent to steal in a burglary prosecution if the state has introduced evidence showing the accused has broken and entered a building in which goods, merchandise, or other valuable things are kept. *State v. Pauley*, 515 S.W.2d 824, 825–26 (Mo.App.1974). In the case before us, the state produced evidence that defendant was identified in a building which had been secured when left. Defendant, who had no right to be in the building, was seen investigating the contents of the store, and a rear window was found broken. There was $10.00 and a pair of binoculars missing from the store. The state's evidence is sufficient to permit a jury to find that defendant broke and entered the building. *State v. Smith*, 521 S.W.2d 38, 40 (Mo.App.1975). Similarly, the state's evidence is sufficient to permit the jury to find

that defendant entered the building with the intent to steal. *State v. Washington*, 484 S.W.2d 267, 270 (Mo.1972). The fact that the jury found the defendant guilty of burglary but failed to find the defendant guilty of stealing does not disprove defendant's intent to steal as an element of the burglary conviction. *State v. Pauley, supra* at 825.

■ Defendant also argues that the trial court erred in permitting the introduction of Gann's testimony that defendant attempted to bribe Gann not to testify and erred in permitting the prosecutor to comment upon such evidence in his opening statement and closing argument. Gann testified that, following defendant's arrest, defendant offered Gann $1000 to $2000 dollars or whatever amount Gann would want to "buy a hat" because defendant feared for his life should he be sent to the penitentiary. We believe Gann's testimony was properly admitted by the trial court. Evidence showing an accused's attempted fabrication or procurement of false evidence, attempted destruction of evidence, or attempted subornation may be received as evidence of guilt of the main facts charged. *State v. Seals*, 515 S.W.2d 481, 484 (Mo.1974); *State v. Hoyel*, 534 S.W.2d 266, 269 (Mo.App. 1975).

■ Permitting the prosecutor to comment upon Gann's testimony was within the broad discretion accorded the trial court to control oral argument. *State v. Kimmins*, 514 S.W.2d 381, 382 (Mo.App.1974). The prosecutor referred to the offer of the defendant to Mr. Gann of a $1000 or $2000 to buy a hat if Mr. Gann would not testify against him. The trial court did not err in allowing the prosecutor's opening statement and argument to the jury which were confined to the record and the legitimate inferences to be drawn therefrom.[2] *State v. Fox*, 510 S.W.2d 832, 838 (Mo.App.1974).

---

1. The specific intent element of burglary in the second degree is the "intent to steal or commit any crime" in the building which is broken and entered. § 560.070 RSMo 1969.

2. We note that, at trial, defendant made no objection to the prosecutor's opening statement and objected only to the use of the term "buying off" in the prosecutor's closing argument. The defense objected to the term "buying off" as not being "fair" or "warranted by the evidence," and the trial court instructed the prosecutor to stay within the record.

Finally, defendant argues that the trial court erred in submitting both Instruction Number 5 and Number 6 to the jury. Instruction Number 5 (MAI–CR 7.32) is the verdict directing instruction for burglary and required the jury to find that defendant broke and entered with the intent to steal. Instruction Number 6 (MAI–CR 7.34) is the verdict director for burglary and stealing. The record fails to show that the defendant's attorney made a specific objection to the instruction prior to the instruction being given to the jury. In his motion for a new trial, he alleges only that the court "committed prejudicial error in submitting Instructions 5 and 6 to the jury." The defendant fails to state to the trial court in what manner these two instructions are defective or improper. Thus, defendant has not preserved the issue for our review. *State v. Rennert*, 514 S.W.2d 579, 580 (Mo.1974). However, submission of both Instructions Number 5 and 6 is not error. If an accused is prosecuted for both burglary and stealing the court should submit both an instruction for burglary and stealing and a separate instruction for burglary. MAI–CR No. 7.34, Notes on Use 2. A jury finding of not guilty on the charge of stealing does not negate a guilty finding on the charge of burglary even though the burglary charge alleges intent to steal. *State v. Pauley, supra* at 825.

We have not found any error by the trial court and affirm defendant's conviction.

The judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.