STATE of Missouri, Respondent,

v.

William J. SCHNEIDER, Appellant.

No. 30115.

Missouri Court of Appeals, Western District.

June 11, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1979.

Application to Transfer Denied Sept. 11, 1979.

Joe F. Willerth, Piedimonte & Cochran, Independence, for appellant.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

On an information charging burglary in the second degree and stealing in connection therewith, a jury in the Jackson County Circuit Court found William J. Schneider guilty of the burglary charge. The jury could not agree on punishment and the court fixed the punishment at five years' imprisonment. The defendant waived the filing of a motion for new trial and judgment of conviction was entered on October 14, 1976.

On June 20, 1977, Schneider filed a motion under Rule 27.26 to set aside the judgment of conviction. By an amended motion the grounds for relief included the allegation that the waiver of filing of motion for new trial and appeal resulted from improper advice of his trial counsel. The motion also claimed inadequate assistance of counsel at trial.

A hearing was held on the motion. The trial court found that the waiver of filing of motion for new trial and appeal was induced by erroneous advice of trial counsel and set aside the judgment in order to permit the filing of a motion for new trial. See *State v. Jones*, 446 S.W.2d 796 (Mo. 1969).

A motion for new trial was filed and overruled. Appellant was again sentenced to five years' imprisonment.

On December 26, 1974, at around 7:20 A.M., Charles Conyers, principal of the Benton School in Independence, went to the school building in response to a call from the building custodian. When he got to the building, Conyers found policemen and firemen there. The firemen were putting out a fire in the basement of the building. Conyers discovered that a glass window had been broken on an outside door and that glass in a door between the kitchen and cafeteria inside the building had been broken and the cafeteria ransacked. Items of food were missing from the kitchen and vending machines in the building had been broken into. The principal's office had been ransacked. Conyers noticed that a tray which ordinarily was on his secretary's desk was on the floor in the office.

Police laboratory personnel were called to the scene and they examined the area for fingerprints. Fingerprints were found on the tray on the floor near the secretary's desk and on a sanitary napkin dispenser and nurses' storage cabinet.

At the trial, the police fingerprint technician compared the fingerprints so found with those of appellant and concluded that the prints were those of appellant.

Appellant offered alibi testimony of his former wife, two sisters and his mother to the effect that appellant was at his mother's house throughout the night of December 25. His former wife testified that he was with her during Christmas Day.

█ In this court, appellant first contends that the trial court should have sustained his motion for acquittal because there was not sufficient evidence that appellant acted with the requisite intent to be guilty of the crime of burglary. Appellant relies upon the fact that the jury did not find him guilty of stealing and argues that, since entry with intent to steal was the basis of the burglary charge, there has been no showing that his entry was with intent to commit a felony. This contention is answered in *State v. Pauley*, 515 S.W.2d 824, 825–826[4–7] (Mo.App.1974). In that case the court noted that actual stealing is not essential to a burglary conviction and an acquittal on that charge is not inconsistent with a finding of guilt on a burglary charge, based upon entry with intent to steal. See also *State v. Massey*, 542 S.W.2d 88, 90[1–4] (Mo.App.1976).

Here the presence of appellant's fingerprints inside the school, coupled with evidence that he had no permission to be there, was sufficient to permit the jury to find that he broke and entered the building.

*State v. Schleicher*, 442 S.W.2d 19 (Mo. 1969). The evidence would further warrant a finding by the jury that the breaking and entering was with the intent to steal.

*State v. Shepard*, 442 S.W.2d 58 (Mo. banc 1969), relied upon by appellant, is of no assistance here. That conviction was reversed on the basis of an instruction which predicated a conviction upon a finding of breaking and entering with intent to steal or commit any other felony. The problem there was the lack of evidentiary support for submission of the other felony intent. Such is not the problem in this case.

■ Appellant next contends that the trial court erred in admitting into evidence State's Exhibit No. 6, the alleged fingerprint record of appellant. Appellant contends that the record was not properly identified as a business record and that in the absence of evidence that it was appellant's fingerprint record, its admission into evidence was error. Appellant relies upon the plain error rule (Rule 27.20) inasmuch as this objection was not voiced at the trial.

Ms. Virginia Strohm, the fingerprint technician for the Independence Police Department, testified that she compared the latent prints found in the school building with those on State's Exhibit No. 6 bearing the signature of William Schneider. According to Ms. Strohm, she received the inked fingerprint card from "detention." "They fingerprint people as they come in." The items, notations and fingerprints on the card are there when she picks up the card from the detention area. Detention people work under her supervision in preparing the fingerprint cards. The card is a record of the police department, kept under her custody and control. On the basis of Ms. Strohm's testimony, the exhibit was admitted into evidence without objection.

Appellant now contends that the exhibit was not qualified as a business record under Section 490.680, RSMo 1969, because there was no evidence of the mode of preparation of the exhibit and no evidence that the entries thereon were made near the time of the act, condition or event.

On this record it may not be said that the trial court abused its discretion in admitting Exhibit No. 6 in evidence. The witness who identified it was the custodian of the record; she testified to its mode of preparation and to the time of the making. Her testimony did not show the exact time at which this exhibit was prepared but it did show the routine followed and that the preparation was under the supervision of the witness-custodian. This testimony was sufficient to show that "the sources of information, method and time of preparation were such as to justify its admission." § 490.680. See *State v. Boyington*, 544 S.W.2d 300, 305–306[7, 8]–[12, 13] (Mo.App.1976); *State v. Jones*, 518 S.W.2d 322, 324–325[1, 2] (Mo. App.1975).

■ Appellant's next assignment of error is based upon a remark of the prosecutor in his closing argument. In the course of his argument, the prosecutor stated:

"If there had been any doubt that those fingerprints were anyone's other than the defendant's, you would have heard from a defense expert in this case. You would have heard from somebody hired * * *." At this point defense counsel objected and asked that the jury be instructed to disregard the prosecutor's comment. The court sustained the objection and instructed the jury to "disregard the last statement of counsel." No further relief was requested. In this court, appellant contends that the trial court should have declared a mistrial and that it was plain error under Rule 27.20 for the court to fail to do so although no request was made for a mistrial.

Appellant's contention is premised upon the prosecutor's knowledge of appellant's indigency and he contends that the prosecutor sought, despite his knowledge that appellant was not in a financial position to obtain expert testimony, to gain an unfair advantage by pointing out to the jury the defendant's failure to come forward with expert testimony.

Inasmuch as the trial court sustained objection to the argument and instructed the jury to disregard it, the impropriety of the argument is not open to question. The only

question is whether or not the argument was such as should have required the trial court of its own motion to declare a mistrial and now calls for relief under the plain error rule.

The argument was not such as to require the reversal of the judgment of conviction. The objectionable argument was limited to two sentences in the prosecutor's remarks. The trial court, upon objection, immediately sustained the objection and instructed the jury to disregard the remark. This line of argument was not pursued by the prosecutor. Those factors distinguish this case from cases where relief has been afforded under the plain error rule for prejudicial argument by the prosecutor. Thus in *State v. Heinrich*, 492 S.W.2d 109, 113–116[5, 6]–[9] (Mo.App.1973), the argument of the prosecutor repeatedly exceeded proper bounds and objections which should have been sustained were overruled by the trial court. In *State v. Ellinger*, 549 S.W.2d 136, 139–140[3][4] (Mo.App.1977), there was argument which might have been construed as a direct reference to the failure of the defendant to testify, coupled with further argument amounting to a personalization of the jury. The prejudicial effect of the argument was held to require relief under the plain error rule in view of the fact that the jury's verdict of guilt followed giving of a "hammer" instruction.

Appellant cites no cases which would support an argument that had a mistrial been requested in this case, the trial court would have erred in failing to grant such relief. See *State v. Raspberry*, 452 S.W.2d 169, 173[7–11] (Mo.1970). Clearly the case does not call for relief under the plain error rule. *State v. Brown*, 528 S.W.2d 503, 505[1, 2] (Mo.App.1975); *State v. Mayfield*, 562 S.W.2d 404, 412[12] (Mo.App.1978).

■ Appellant next complains that the trial court erred in permitting, over objection that the matters were beyond the scope of the cross-examination, Conyers to testify on redirect examination that Benton School was in Jackson County and that appellant had no permission to be inside the school building. "The scope and extent to which redirect examination of a witness shall be permitted to go is a matter to be left largely to the sound discretion of the trial court, reviewable only for abuse. *State v. Walden*, 490 S.W.2d 391, 393[5] (Mo.App.1973)." *State v. Remspecher*, 542 S.W.2d 24, 25[3, 4] (Mo.App.1976). No abuse of discretion has been demonstrated here.

Appellant finally complains that his motion for new trial should have been sustained because he was denied effective assistance of counsel "guaranteed under the Sixth Amendment of the United States Constitution."

■ Appellant's 27.26 motion sought to set aside his conviction and a new trial on the grounds of inadequate assistance of counsel. Alternatively it sought to set aside the judgment in order to permit the filing of a motion for new trial, based upon misleading advice by counsel concerning the effect of an appeal. At the 27.26 hearing, the court was of the opinion that the issue before the court should be confined to the alternative relief and declined to permit testimony on the adequacy of counsel's assistance other than as it related to the waiver of right to appeal. Appellant's counsel did make offer of proof going to the issue throughout the case but this was done by counsel and not by way of testimony of witnesses as authorized by Rule 73.01, subd. 1(a). In its judgment, the trial court stated that it did not consider the issue or evidence concerning the alleged incompetency or improper handling of the pre-trial preparation or trial in the original trial.

The motion for new trial which appellant was permitted to file renewed the allegations of inadequate assistance of counsel but no evidence was offered in support of the allegations.

On this record, appellant asserts that this is a case not within the general rule which precludes consideration of the issue of adequacy of assistance of counsel on a direct appeal. See *State v. Nolan*, 499 S.W.2d 240, 252[13] (Mo.App.1973); *State v. Smith*, 454 S.W.2d 539 (Mo.1970).

In view of the trial court's limitation upon the evidence heard on the issue of adequacy of assistance of counsel and the fact that only offers of proof by counsel would provide the basis for review here, the record in this court does not provide an adequate basis for review of this issue on this appeal. Therefore, it will not be considered.

Judgment affirmed.

All concur.