**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Rodney CAMERON,
Defendant–Appellant.**

**No. 40971.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 29, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Robert W. Meyers and David A. Bloch, Clayton, for defendant–appellant.

John Ashcroft, Atty. Gen., by Paul Robert Otto and Steven D. Stenhilber, Asst. Attys. Gen., Jefferson City, George R. Westfall, Pros. Atty., St. Louis, Clayton, for plaintiff–respondent.

SATZ, Judge.

Defendant was convicted by a jury, in Count I, of second degree burglary and stealing ("burglarious stealing", § 560.110 RSMo 1969) and, in Count II, of burglary, second degree (§ 560.070 RSMo 1969). He was sentenced to concurrent sentences, six years on each charge of burglary and three years for the charge of stealing. Defendant appeals. We affirm.

At approximately 2:00 a. m. on December 6, 1977, officers Dannie Wilhoit and Eddy Williams of the Overland police department responded to a burglar alarm at Brockmann's Radio Company, a retail store located in Overland, Missouri. As the officers entered the store, the defendant jumped from behind a display rack and attempted to wrest a shotgun from the hands of one of the officers. A struggle ensued. Defendant was subdued, arrested and searched. In searching defendant, the officers found sunglasses and other merchandise which did not come from the radio store. The officers then investigated the surrounding neighborhood and found a broken window at the Overland Optical Company, located in a building near the radio store. An inspection revealed the optical store had been ransacked. The merchandise, including the sunglasses, found on defendant was identified as merchandise from the optical store. Defendant was charged with burglary of and stealing from the Overland Optical Company ("burglarious stealing") and with burglary of Brockmann's Radio Company.

Defendant raises 7 main points on appeal, none of which are persuasive.

Defendant first contends the trial court erred in allowing the state to present the rebuttal testimony of Joseph Bono, a criminalist at the St. Louis police department. After the jury had been sworn and prior to opening statements, the state informed the court that it had just learned of an analysis which had been made of glass particles taken from the defendant's clothing. The state requested that Mr. Bono be endorsed for the purpose of testifying that these glass particles matched glass samples taken from the broken window at the optical store. The court denied this request but indicated that Mr. Bono's testimony could become proper rebuttal. At trial, defendant testified in his own behalf. He explained his presence at the scene of the alleged crimes by testifying that after work he visited a couple of bars, consumed over a case of beer and got drunk. The last bar was near the Overland Optical Company. He left the bar about 2:00 a. m. and, while crossing the street immediately in front of the optical store, he noticed the store's window was broken. He walked over to the window, saw "two or three pairs of sunglasses on the ground", picked up the sunglasses and put them in his pocket. In rebuttal, over defendant's objection, Mr. Bono testified that his laboratory analysis showed glass particles removed from defendant's clothing matched glass samples taken from the broken window at the optical store.

Defendant's complaint that Mr. Bono's testimony was not proper rebuttal rests upon a new definition of rebuttal evidence. Defendant concedes that rebuttal evidence includes evidence which tends to explain, counteract, repel or disprove evidence offered in defense. *State v. Williams,* 442 S.W.2d 61, 65 (Mo. banc 1968), rev'd on other grounds; *State v. Kerr,* 548 S.W.2d 295, 298 (Mo.App.1977). However, defendant would further restrict this definition by additionally limiting rebuttal evidence to evidence whose relevancy and materiality become apparent *only after* the introduction of a defendant's evidence. Thus, under defendant's definition, any evidence which is relevant and material to the state's case in chief would not be proper rebuttal, and this evidence must be introduced in the case in chief or not at all. Defendant reaches his new and more limited definition of rebuttal evidence by extending the witness endorsement requirement of Rule 25.32 to the order of proof at trial. Rule 25.32 requires the state to endorse all the witnesses it intends to call at trial. This requirement is nullified, defendant argues, if the state is permitted to call witnesses in rebuttal who could have been called in the state's case in chief. In the present case, if properly endorsed, Mr. Bono could have been called and his testimony elicited in the state's case in chief and, therefore, defendant reasons, the state should not have been permitted to call Mr. Bono and elicit his testimony in rebuttal. We disagree.

Defendant reads too much into the witness endorsement requirement of Rule 25.32. This requirement does not create the definition suggested by defendant nor compel the conclusion reached by him. The requirement simply limits the state's choice of witnesses in its case in chief to those witnesses disclosed to defendant. The requirement is not designed to control the order of proof at trial. The order of proof is left to the good sense and discretion of the trial court. Thus, whether a witness may be a proper rebuttal witness is determined by the trial court witout regard to Rule 25.32, and rebuttal witnesses need not even be endorsed. *E. g. State v. Hooker,* 536 S.W.2d 487, 490 (Mo.App.1976). Furthermore, evidence admissible in the state's case in chief and evidence admissible in rebuttal are not mutually exclusive categories and, contrary to defendant's bald conclusion, Rule 25.32 does not create such categories. The fact that the challenged evidence could have been presented in the state's case in chief does not require its preclusion from rebuttal. *State v. Adams,* 465 S.W.2d 536, 540 (Mo.1971); *State v. Feltrop,* 343 S.W.2d 36, 38 (Mo.1961). "It is within the trial court's broad discretion to allow evidence in chief to be introduced in

rebuttal." *State v. Hoyel*, 534 S.W.2d 266, 269–270 (Mo.App.1975); *State v. Feltrop, supra; see also, State v. Washington*, 320 S.W.2d 565, 567 (Mo.1959). Having been shown no compelling reason for a change in the law, we decline to accept defendant's new definition of rebuttal evidence.

Defendant also complains that Mr. Bono's testimony was not proper rebuttal evidence under the presently accepted definition of rebuttal. We disagree. Rebuttal evidence may explain, counteract, repel or disprove a defendant's evidence either directly or by implication. *State v. Myers*, 538 S.W.2d 892, 898 (Mo.App.1976). The precise scope of the rebuttal testimony is within the discretion of the trial court. *State v. Huff*, 454 S.W.2d 920, 923 (Mo. 1970). Here, defendant admitted he approached the broken window at the optical store and picked up some sunglasses outside the store. By implication, Mr. Bono's testimony showed that defendant accumulated the glass particles on his clothing while entering the store through the broken window. Therefore, the admission of Mr. Bono's testimony as rebuttal was within the trial court's discretion.

Defendant next contends the trial court erred in allowing the endorsement of a police dispatcher, Officer Richard Lloyd, during trial. We disagree.

During opening statement, defendant's counsel stated his evidence would show that defendant did not break and enter either store and that another known burglar was at the scene of the crimes. The known burglar, according to defendant's counsel, was a Lt. Dempsey of the Overland police department. From questions and additional statements made by defendant's counsel during the state's case in chief, it appeared that defendant's counsel was going to pursue the implied defense that Lt. Dempsey committed the crime or crimes in question rather than defendant. In anticipation of this defense, the state, in its case in chief, requested that Officer Lloyd be endorsed for the purpose of testifying that he and Lt. Dempsey were present at the station when the burglar alarm sounded indicating a burglary at Brockmann's Radio Company. Over defendant's objection, Officer Lloyd was endorsed and so testified. Defendant contends he was surprised by this late endorsement and the late endorsement violated Rule 25.32. He also contends that before permitting Officer Lloyd to testify, the trial court should have required the state to show the unavailability of Lt. Dempsey, because Dempsey was an endorsed witness who could testify about the same subject matter.

Defendant's claim of surprise, based on the late endorsement of Officer Lloyd, raises two separate but parallel questions about the trial court's exercise of its discretion: (1) whether the trial court abused its discretion to control the endorsement of witnesses and (2) whether the trial court abused its discretion to control the order of proof at trial and improperly permitted Officer Lloyd's rebuttal testimony to be elicited in the state's case in chief. Rule 24.17 specifically authorizes endorsement of witnesses at any time upon order of court. This rule vests broad discretion in the trial court to permit late endorsements, and we will not reverse a judgment of conviction "because the name of a witness was endorsed . . . during trial unless it is shown that defendant was thereby prejudiced". *State v. Jordan*, 532 S.W.2d 776, 780 (Mo.App.1975). The mere fact of late endorsement does not in itself show prejudice. *See State v. Barker*, 572 S.W.2d 185, 187 (Mo.App.1978).

Moreover, the trial court has equally broad discretion to control the order of proof at trial, and, unless prejudice is shown, the trial court may permit the state, in its case in chief, to elicit evidence rebutting a defense upon which the defendant avowedly intends to rely. *State v. Swisher*, 186 Mo. 1, 84 S.W. 911, 912 (1905); *see also United States v. Conley*, 523 F.2d 650, 654 (8th Cir. 1975), cert. denied 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327, (1976). Arguably, in the present case, it might have been better practice to have required the state to wait until defendant developed an actual rather than an imagined defense and then

to have permitted the state to elicit Officer Lloyd's testimony as rebuttal after defendant had rested his case. However, it was not an abuse of discretion for the state to elicit this testimony in its case in chief. Although Officer Lloyd's testimony was relevant to refute defendant's anticipated defense, his testimony was irrelevant to the issues raised by the state's case in chief, and, thus, his testimony could not and did not advance the state's case in chief against the defendant. If any error were committed causing defendant legal surprise, the error and resulting surprise worked no prejudice against defendant.

■■■ Moreover, the endorsement of Officer Lloyd did not violate the witness endorsement requirement of Rule 25.32. As noted, the requirement simply obligates the state to disclose those witnesses it intends to call to prove its case in chief. Officer Lloyd's testimony did not advance the state's case in chief and the record clearly shows that defendant's defense involving Lt. Dempsey was not anticipated by the state prior to trial. Thus, Rule 25.32 could not be and was not violated. Also without merit is defendant's contention that the state was required to show the unavailability of Lt. Dempsey before Officer Lloyd could be endorsed and permitted to testify. The state is not obligated to call every witness it has endorsed. *State v. Jones,* 456 S.W.2d 7, 8 (Mo.1970).

Defendant also contends that the court erred in granting the state's oral motion in limine, which precluded defendant from questioning Lt. Dempsey's fellow officers, Wilhoit and Williams, about Lt. Dempsey's arrest for a burglary. Defendant's specific argument is neither clear nor explicit. Apparently, defendant argues that he was improperly limited in his attempt to impeach the testimony of these police officers, and, further, that he was denied his right to pursue his implied defense that Lt. Dempsey committed the burglary in question.

■■ At trial, defendant argued that the purpose of his questioning officers Wilhoit and Williams about Lt. Dempsey's possible arrest was to establish his implied defense that Lt. Dempsey committed the crimes in question. He made no argument that he was attempting to impeach officers Wilhoit and Williams or attack their credibility. Thus, the trial court was not given the opportunity to rule upon defendant's complaint that his impeachment of these officers was being improperly limited, and, for this reason, this complaint has not been properly reserved for review. *See State v. Lang,* 515 S.W.2d 507, 511 (Mo.1974).

■■ Also without merit is defendant's complaint that he was improperly precluded in his cross–examination of officers Wilhoit and Williams from pursuing his implied defense. First, on appeal, defendant failed to develop any argument demonstrating why the ruling of the trial court was prejudicial. Thus, defendant failed to comply with Rule 84.04(d)[1] and this assertion of error is not properly before us. *E. g. Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978); *State v. Stout,* 591 S.W.2d 225, 230 (Mo.App.1979). Second, the state's motion in limine concerning these officers' possible testimony about Lt. Dempsey's arrest for burglary was made and overruled during defendant's opening statement. This motion was not renewed at the time Officer Wilhoit testified. Thus, the trial court committed no error in connection with Wilhoit's testimony. In fact, defendant freely cross–examined Wilhoit about Lt. Dempsey's arrest. Third, from the record, it appears the trial court limited defense counsel from asking Officer Williams what he knew "of [Lt. Dempsey] being arrested for burglary". At the time of this ruling, defense counsel failed to show, by an offer of proof or otherwise, what specific questions he wished to ask and what specific evidence he wanted to elicit, and, thus, he failed to demonstrate to the trial court, and to this

---

1. Rule 84.04(d) was in effect at the time the parties' briefs were filed in this appeal. The rule applied to criminal, as well as civil cases pursuant to Rule 28.18. *State v. Davis,* 556 S.W.2d 745, 747 (Mo.App.1977). A new rule, Rule 30.06(d) took effect on January 1, 1980, which applies to criminal appeals and mirrors Rule 84.04(d).

court on review, the propriety and admissibility of the evidence sought to be elicited and the impropriety of granting the state's motion in limine. *See, e. g. State v. Sullivan*, 553 S.W.2d 510, 513 (Mo.App.1977). At best, the record only shows that Officer Williams might have known that Lt. Dempsey was arrested for burglary. This fact does not even tend to prove that Lt. Dempsey had the opportunity or motive to commit the burglary in question. More importantly, without proof that Dempsey committed some act directly connecting him to the present crime or crimes, the testimony of Officer Williams about Dempsey's opportunity or motive to commit the crime or crimes was not admissible. *State v. Umfrees*, 433 S.W.2d 284, 287–288 (Mo. banc 1968). Admittedly, there was evidence that Dempsey appeared at the scene of the crime, but evidence which merely demonstrates that a person at the scene of a crime has also been arrested for a similar crime does not constitute evidence of an act directly connected with the crime charged. *See State v. Williams*, 575 S.W.2d 838, 840 (Mo.App.1978).

 Defendant also contends that part of Officer Lloyd's testimony violated the best evidence rule. Over defendant's specific objection, Officer Lloyd testified that he received the alarm indicating that a break–in had occurred at Brockmann's Radio Company at 2:00 a. m. in the morning. Defendant contends that the police radio logs were the best evidence of the receipt of this alarm. Defendant misinterprets and misapplies the best evidence rules. When the terms or contents of a writing are in issue, the best evidence rule does require the production of the original writing itself and the rule does reject other evidence unless and until the failure to produce the

original was satisfactorily explained. *McCormick, Handbook of the Law of Evidence*, Chap. 23 (2d ed. 1972). The obvious purpose of the rule is to prevent fraud and the likelihood of mistake when proving the terms or contents of a writing. *See, e. g. F. C. Preuitt Constr. Co., Inc. v. Doty*, 536 S.W.2d 908, 914 (Mo.App.1976). However, when the terms and contents of a writing are not in issue, application of the rule serves no meaningful purpose and, the rule does not apply. *State v. Curry*, 473 S.W.2d 747, 748 (Mo.1971). *Wilborn v. Williams*, 555 S.W.2d 44, 45–46 (Mo.App.1977). Officer Lloyd's testimony was not offered to prove the truth of the contents of the radio log, but rather to establish the fact that the alarm sounded at a specific time and for a certain location. These latter facts existed independently of the tapes and logs which recorded the facts. Thus, the best evidence rule is not applicable here. *See State v. Curry, supra.*

Defendant also contends that the trial court erred in refusing to submit his tendered instruction of the "lesser and included offense" of stealing.

 Defendant was charged with burglary and stealing under § 560.110 RSMo 1969. The statute provides a specific and exclusive punishment for a stealing committed in connection with a burglary, and this punishment differs from the punishment for "grand or petty" stealing under § 560.161 RSMo 1969. *See State v. Cline*, 447 S.W.2d 538, 541–543 (Mo. banc 1969); *State v. Parhm*, 540 S.W.2d 150 (Mo.App. 1976). Apparently, the statutory crime of "stealing" created by § 560.110 is *sui generis* differing from "grand and petty" stealing and not composed of these offenses. *See State v. Cline, supra*, and *State v. Parhm, supra.*[2] Thus, where a defendant,

2. There is an apparent conflict between these cases and the cases which permit or require instructions on a lesser included offense if the greater offense contains all the elements of the lesser offense. *State v. Amsden*, 299 S.W.2d 498, 504 (Mo.1957); *see also State v. Smith*, 592 S.W.2d 165, 166 (Mo. banc 1979); *State v. Littlefield*, 594 S.W.2d 939 (Mo. banc 1980); *State v. Friedman*, 398 S.W.2d 37, 40 (Mo.App.

1965). The offense in § 560.110 RSMo 1969 is composed of burglary and stealing. Thus, under the teaching of *Amsden* and its progeny, both burglary and stealing would be lesser and included offenses of the statutory offense. Consistent with this view, burglary is considered a lesser and included offense, *see State v. Auger*, 434 S.W.2d 1, 5 (Mo.1968); *see also State v. Cline, supra*, and M.A.I. CR 7.34, *Notes*

like defendant here, is charged with burglary and stealing ("burglarious stealing") pursuant to § 560.110 RSMo, he cannot be acquitted of burglary and, at the same time, convicted of stealing. *State v. Stanton*, 478 S.W.2d 265 (Mo.1972); *State v. Smith*, 462 S.W.2d 425, 426–427 (Mo.1970). In refusing to give defendant's tendered instruction on stealing alone, the trial court quite properly refused to invite an acquittal of burglary and a conviction of stealing. *State v. Cline, supra;* M.A.I. CR 7.34, *Notes on Use*, 1(b).

■ Defendant also contends the trial court erred in refusing to give his tendered instruction No. A.[3] We affirmed the rejection of an identical instruction in *State v. Parker*, 543 S.W.2d 236, 245 (Mo.App.1976). The adverse inference suggested by the instruction is, in effect, an improper comment on the evidence, *State v. Parker, supra; accord, State v. Brooks*, 567 S.W.2d 348, 351 (Mo.App.1978). This point is without merit.

Finally, defendant contends that the court erred in denying his motion for judgment of acquittal. As to Count I, defendant argues the state failed to prove a breaking and entering, or, failed to prove that defendant was connected to the breaking and entering. As to Count II, defendant argues the state failed to prove intent. In reviewing the trial court's denial of a motion for judgment of acquittal, we view the facts in evidence and all reasonable inferences in the light most favorable to the state and we discard all contrary evidence and inferences. *State v. Schleicher*, 438 S.W.2d 258, 260 (Mo.1969); *State v. Longmeyer*, 566 S.W.2d 496, 499 (Mo.App.1978).

In support of the burglary and stealing charge in Count I, the sole proprietor of Overland Optical Co., Dail Harris, testified that he locked and secured the premises upon leaving at 6:00 p. m. on December 5, 1977. He did not give defendant permission to enter the premises after business hours. When he returned to the store at 2:45 a. m. on December 6, there was a window broken and general disarray. Defendant was apprehended in a neighboring store in the possession of personal property and business merchandise belonging to and identified by Mr. Harris. Defendant admitted picking up two or three pairs of sunglasses from the ground outside Overland Optical Company, but he did not account for his possession of a calculator belonging to Mr. Harris, which had been left on the premises of the store and was missing.

■ This evidence authorized a finding that someone had entered the locked store without permission and, hence, that a breaking and entering had occurred. *See State v. Bradley*, 485 S.W.2d 408, 412 (Mo. 1972). Defendant's unexplained[4] possession of property recently stolen from the optical store, *State v. Bradley, supra*, and the fact that glass particles were removed from defendant's clothing which matched the broken window glass from Overland Optical Co., *see State v. Stevens*, 502 S.W.2d 335, 336–337 (Mo.1973), are sufficient to support an inference that defendant was the one who broke into and entered the store.

■ In Count II, defendant was charged with breaking into the radio store with the intent to steal property. Defendant contends the state failed to prove this intent. We disagree. The requisite intent in a charge of burglary may be proved from the circumstances. *State v. Faber*, 499 S.W.2d 790, 794 (Mo.1973); *State v. Lawrence*, 566 S.W.2d 243, 246 (Mo.App.1978). The fact that nothing was actually stolen or

---

on Use, 2. However, as noted, stealing is not so considered. Categorizing the stealing offense defined in § 560.110 as *sui generis* partially resolves this seeming conflict.

3. Instruction No. A reads: "You are instructed that because of the state's failure to call all of their witnesses in this case, you may presume that the evidence that they would give you would be unfavorable to them."

4. The use of the term "unexplained" means that, although the defendant testified to an explanation of his possession, the jury was not required to believe that explanation. If the jury did not believe it, the possession was not explained. *State v. Clark*, 438 S.W.2d 277, 279 (Mo.1969).

**662**

found on defendant is not important in determining a defendant's intent. *State v. Smith*, 521 S.W.2d 38, 41 (Mo.App.1975). Nor is it essential to the offense that anything actually be taken from the building. *State v. Pauley*, 515 S.W.2d 824, 826 (Mo. App.1974).

Defendant testified that the door to Brockmann's Radio Co. was open; he walked over to it upon hearing a noise and entered the premises. He saw some items laying on the floor. After investigating the noise he turned to leave, and was apprehended. The jury was not bound to believe defendant's explanation, even though it was unimpeached, and the jury could disbelieve it as it must have done in finding the defendant guilty. *State v. Smith, supra.* The evidence showed that someone had illegally entered Brockmann's Radio Co., where goods and merchandise were offered for sale. Defendant was found in this store and had attempted to conceal himself there. This proof, albeit circumstantial, was sufficient to prove that defendant was the person who had illegally entered the store which had goods and merchandise for sale, and we have held this proof to be sufficient to establish intent to steal in a burglary charge. *State v. Massey*, 542 S.W.2d 88, 90 (Mo.App.1976); *State v. Pauley, supra.*

Judgment is affirmed.

SMITH, P. J., and ALDEN A. STOCKARD, Special Judge, concur.