**STATE of Missouri, Respondent,**

v.

**Larry L. YOUNG, Appellant.**

**No. WD 58171.**

Missouri Court of Appeals,
Western District.

Feb. 6, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 2001.

Application to Transfer Denied
April 24, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen, Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

Dennis J.C. Owens, Kansas City, for appellant.

Before BRECKENRIDGE, P.J., and ULRICH and HOWARD, JJ.

HOWARD, Judge.

Larry L. Young appeals from his convictions of acceding to corruption, § 576.020,[1]

---

1. All statutory references are to RSMo 1994.

and failure to execute an arrest warrant, § 575.180. Young raises two points on appeal. First, he claims the trial court erred in refusing to direct the verdict on the acceding to corruption count because the State failed as a matter of law to prove the elements of acceding to corruption in that there was no evidence that he received the benefit described in the information, sexual intercourse, as established by the jury's rejection of the sexual assault count and the State's failure to present any evidence of sexual intercourse other than its failed theory of rape. Second, Young claims the trial court erred in refusing to direct the verdict on the count of failure to execute an arrest warrant because the State failed as a matter of law to prove the elements of failure to execute an arrest warrant in that the State failed to offer any evidence that he had the purpose of allowing Tammy Belk to escape.

We affirm.

### Facts

Larry L. Young was charged by information filed on April 19, 1999, with the class C felony of sexual assault, § 566.040, the class D felony of acceding to corruption, § 576.020, and the class D felony of failure to execute an arrest warrant, § 575.180. Young was charged by first amended information, filed on May 4, 1999, as follows:

### Count 1

The special prosecuting attorney of Miller County, State of Missouri, charges that the above named defendant, in violation of Section 566.040, RSMo, committed the class C felony of sexual assault, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that between September and December 1998, in the County of Miller, State of Missouri, he had sexual intercourse with Tammy Belk-Moore after exerting duress upon her to do so, knowing that he did so without the consent of Tammy Belk-Moore.

### Count 2

The special prosecuting attorney of Miller County, State of Missouri, charges that the above named defendant, in violation of Section 576.020, RSMo, committed the class D felony of acceding to corruption, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo, in that between September 11 and December 31, 1998, in the County of Miller, State of Missouri, Larry L. Young, being a deputy for the Miller County Sheriffs Department, knowingly accepted a benefit, namely, sexual intercourse from Tammy Belk-Moore, in return for his violation of his known legal duty, namely, not arresting her on a Miller County warrant for felony bad checks.

### Count 3

The special prosecuting attorney of Miller County, State of Missouri, charges that the above named defendant, in violation of in violation of [sic] Section 575.180, RSMo, committed the class D felony of failure to execute an arrest warrant, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo, in that between September 11 and December 31, 1998 in the County of Miller, State of Missouri, the defendant was a law enforcement officer authorized and required by law to execute a felony arrest warrant for bad checks which had been issued for the arrest of Tammy Belk-Moore, and for the purpose of allowing Tammy Belk–Moore to escape, failed to execute, or attempt to execute, said warrant.

The evidence adduced at trial, viewed in the light most favorable to the verdict, is as follows. In September 1998, Tammy Belk contacted Larry Young, a deputy with the Miller County Sheriff's Department, about becoming a confidential informant. As a result of this conversation, Belk agreed to participate in a drug buy on September 11, 1998. On that same day, Belk first learned that a warrant had been issued for her arrest in Miller County for bad check charges. The warrant had been received by the Miller County Sheriff's Department and entered into the computer system on September 10, 1998, but had been cleared from the computer on September 20, 1998.

At some point after the September 11, 1998 drug buy, Belk received a page from Young. When Belk called Young back, he asked her to meet him at the C & C gas station later that evening. When she arrived at the gas station, she again called Young and he went there to meet her. Because Young did not want to be seen with Belk, he asked her to meet him near F Highway. Before they left the gas station, however, Young told Belk that a warrant had been issued for her arrest, but that it had been taken out of the computer and placed in a desk drawer.

When they arrived at F Highway, Young told Belk that he had feelings for her and that he was not going to be able to participate in future drug buys with her. He again told her about the arrest warrant and told her that if she had sex with him, she would not go to jail. Young then got out of his patrol car and walked with Belk to the passenger side of the car. Belk then laid down in the front seat of the car and engaged in sexual intercourse with Young.

Over the next few months, Belk and Young engaged in sexual intercourse five more times. Although Belk could not remember the specific dates on which these incidents occurred, she testified that they engaged in sexual intercourse on three occasions at Young's house and two occasions at her house. On each occasion, Young reminded Belk of the arrest warrant and let her know what he expected in return for pulling the warrant out of the computer.

On January 15, 1999, the warrant for Belk's arrest was reentered into the computer. Belk was ultimately arrested on this warrant on January 30, 1999, in Wentzville.

Young testified at trial. He admitted to meeting with Belk at the C & C gas station and telling her that he had feelings for her. However, he denied that he had ever engaged in sexual intercourse with Belk. He further testified that he did not arrest Belk despite being aware of the warrant against her because he had been informed that the warrant was taken care of because she was serving as a confidential informant to the sheriff's department.

Following a jury trial, Young was acquitted of Count I, sexual assault, and convicted of Count II, acceding to corruption, and Count III, failure to execute an arrest warrant. Young was sentenced to pay the maximum fine of $5,000 on both Counts II and III, for a total of $10,000. This appeal follows.

## Standard of Review

Our review of the denial of a motion for acquittal is limited to whether the evidence is sufficient to make a submissible case, and whether there is sufficient evidence from which reasonable persons could have found defendant guilty beyond a reasonable doubt. *State v. Moon*, 602 S.W.2d 828, 831 (Mo.App. W.D. 1980); *see also State v. Foster*, 930 S.W.2d 62, 63–64 (Mo.App. E.D.1996). In testing

the sufficiency of the evidence, facts and favorable inferences reasonably drawn therefrom must be considered in the light most favorable to the State, and all contrary inferences and evidence must be disregarded. *Id.*

### Point I

Young's first point on appeal is that the trial court erred in refusing to direct the verdict on Count II, acceding to corruption, because the State failed as a matter of law to prove the elements of acceding to corruption in that there was no evidence that he received the benefit described in the information, sexual intercourse, as established by the jury's rejection of Count I for sexual assault and the State's failure to present any evidence of sexual intercourse other than its failed theory of rape.

Section 566.040.1 provides that "[a] person commits the crime of sexual assault if he has sexual intercourse with another person knowing that he does so without that person's consent." Section 576.020.1 provides that "[a] public servant commits the crime of acceding to corruption if he knowingly solicits, accepts or agrees to accept any benefit, direct or indirect, in return for: . . . (2) His violation of a known legal duty as a public servant."

■ Young contends that the sexual assault in Count I was essentially sex without consent. Young argues that the jury, by its verdict, rejected the contention that sex without consent had occurred, and the law does not allow the jury to speculate that consensual sex occurred when there was no evidence of any sexual interaction except rape. Young contends that since there is nothing in the record to indicate that consensual sex occurred and the jury found him not guilty of sex without consent, he cannot be found legally to have had sexual intercourse with Belk.

Young cites two cases in support of his claim. The first case is *State v. Staten,* 478 S.W.2d 265 (Mo.1972). In that case, Staten was charged with breaking and entering a dwelling with the intent to steal, and with feloniously and burglariously stealing property. *Staten,* 478 S.W.2d at 265. The jury found Staten guilty of stealing and not guilty of burglary. *Id.* The court held that burglary was a constituent element of a stealing charge under the applicable statute, and therefore the jury's verdict could not stand because the jury had failed to find a constituent element of the offense of stealing. *Id.* at 266.

The second case Young cites in support of his claim is *State v. Peters,* 855 S.W.2d 345 (Mo. banc 1993). In that case, Peters was charged with one count of assault and one count of armed criminal action. *Peters,* 855 S.W.2d at 346. The jury initially returned a verdict of not guilty of assault but returned a verdict of guilty of armed criminal action with assault as the underlying felony. *Id.* at 347. The trial judge refused to accept the jury's verdict on the basis that a defendant may not be found guilty of armed criminal action if the defendant is not also found guilty of the underlying felony. *Id.* The jury then returned verdicts of guilty of assault and guilty of armed criminal action with assault as the underlying charge. *Id.* The trial judge accepted the jury's verdict. *Id.* In affirming the trial court's judgment, the court held that the first two verdicts the jury attempted to return were inconsistent because if the defendant was not guilty of assault, he could not be guilty of armed criminal action based on assault. *Id.* at 347–48.

■ *Staten* and *Peters* are distinguishable from the present case. In *Staten,* burglary was a constituent element of a stealing charge under the applicable statute, and therefore the jury could not have

found Staten not guilty of burglary, but guilty of stealing. In the present case, non-consensual sex, an element of the sexual assault count, is not a constituent element of acceding to corruption. Therefore, an acquittal of sexual assault is not, on its face, inconsistent with a conviction for acceding to corruption. Similarly, in *Peters*, the appellant could not be found guilty of armed criminal action, but not the underlying felony. Again, proof of non-consensual sex is not a required element of the "benefit," i.e., sexual intercourse, the State alleged Young received in violation of § 576.020.

"The determination of a witness' credibility is a function of the jury, and it is within the jury's province to believe all, some or none of a witness' testimony." *State v. Brown*, 996 S.W.2d 719, 728 (Mo. App. W.D.1999). "The jury may accept or reject any part of a witness' testimony...." *State v. Gilpin*, 954 S.W.2d 570, 579 (Mo.App. W.D.1997). As the State points out, from the evidence presented at trial, the jury could have reasonably found that Young accepted sexual intercourse from Belk in return for not arresting her, even though it rejected the State's argument that the intercourse was non-consensual.

Point I is denied.

## Point II

Young's second point on appeal is that the trial court erred in refusing to direct a verdict on Count III, failure to execute an arrest warrant, because the State failed as a matter of law to prove the elements of failing to execute an arrest warrant in that the State failed to offer any evidence that he had the purpose of allowing Belk to escape.

Section 575.180 provides, in relevant part, as follows:

1. A law enforcement officer commits the crime of failure to execute an arrest warrant if, with the purpose of allowing any person charged with or convicted of a crime to escape, he fails to execute any arrest warrant, capias, or other lawful process ordering apprehension or confinement of such person, which he is authorized and required by law to execute.

Young contends that his own testimony and the testimony of Detective Benjamin Hubbs was that the sheriff had the warrant pulled out of the computer system so that Belk could continue her efforts as a confidential informant for the department without interruption. Young also contends that this was his purpose in not arresting Belk.

"Escape" is not defined in § 575.180. "Where, as here, the legislature has not defined a word in a statute, we should ... give it its common sense, dictionary meaning, in the absence of an indication that it was used in a specialized sense." *State v. Trotter*, 5 S.W.3d 188, 193 (Mo.App. W.D. 1999). Black's Law Dictionary defines "escape" as "[t]o flee from; to avoid; to get away, as to flee to avoid arrest." BLACK'S LAW DICTIONARY 544 (6th ed.1990).

"Intent is a state of mind and usually is not susceptible to direct proof. Intent may and generally must be established by circumstantial evidence." *State v. Ludwig*, 609 S.W.2d 417, 418 (Mo.1980).

Belk testified that Young told her that the warrant for her arrest had been pulled and placed in a desk drawer and that if she had sex with him, she would not go to jail. Belk testified that on a total of six occasions Young offered to not arrest her on the warrant in exchange for sex. Even if the jury did believe that the sheriff had the warrant pulled for the purpose of allowing Belk to continue her work as a confidential informant for the department,

the jury was free to believe that Young's purpose in not executing the warrant was different, i.e., so that Belk could avoid arrest and remain free and they could continue their sexual relationship.[2]  We find that there was sufficient evidence to support the jury's finding that Young did not execute the warrant for the purpose of allowing Belk to escape.

Point II is denied.

The judgment of the trial court is affirmed.

BRECKENRIDGE, P.J., and ULRICH, J., concur.

---

**2.**  There was testimony from several witnesses, including Missouri Highway Patrol officers and officers from other Missouri sheriffs' departments, that an officer is required to execute a warrant upon seeing the person subject to the warrant, and there is no exception to this requirement if the person subject to the warrant is or wants to be a confidential informant.  The testimony was that it was not proper procedure for the sheriff to pull the warrant from the system in such cases, and an officer is still required to execute a warrant if the sheriff does pull the warrant on his own volition.