STATE of Missouri, Plaintiff-Respondent,

v.

William REMSPECHER,
Defendant-Appellant.

No. 37503.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 27, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Application to Transfer Denied
Nov. 8, 1976.

Robert C. Babione, Public Defender, James C. Jones, Charles S. Stone, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James F. Booth, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant was found guilty by a jury of the offense of operating a motor vehicle without the owner's consent, § 560.175(1), RSMo 1969. Having been found to have committed a prior felony by the court, he was sentenced under the Second Offender Act to five years in the custody of the Department of Corrections. Three points are relied upon by defendant on this appeal to reverse the judgment of the lower court.

1. Defendant first contends that the trial court erred in denying his motion to produce a transcript of his prior trial to use in cross-examination of the witnesses against him. A motion to produce the transcript was filed on the morning of the second trial without any prior notice. This motion was not timely. *State v. Ambus,* 522 S.W.2d 306, 310[1] (Mo.App.1975).

2. During the course of the trial evidence was allowed over objection concerning the sale or exchange of the automobile by the defendant to a company engaged in the sale of motor vehicles. It is contended by defendant that this is error because such evidence tended to prove the commission of a crime other than that with which the defendant was charged. This, however, was part of the chain of evidence used to trace the automobile after it had been sold to an innocent purchaser under a false serial number back to the defendant. It was one of a number of circumstances which together constituted a continuous transaction. It tended to prove criminal intent, plan and design, and hence was admissible. *State v. Jackson,* 519 S.W.2d 551, 558[19] (Mo.App.1975).

3. Defendant charges that the trial court erred when it permitted redirect examination of a witness on matters not previously covered in direct examination and went beyond the scope of the cross-examination. The scope and extent to which redirect examination of a witness shall be permitted to go is a matter to be left largely to the sound discretion of the trial court, reviewable only for abuse. *State v. Walden,* 490 S.W.2d 391, 393[5] (Mo.App.1973). The court here did not abuse its discretion. Furthermore, the court allowed recross-examination by defendant's counsel after the redirect examination.

The judgment is affirmed. We have determined that an extended opinion herein would have no precedential value, and affirmance is in compliance with Rule 84.16.

DOWD and CLEMENS, JJ., concur.