STATE of Missouri,
Plaintiff-Respondent,

v.

Bernell BOYD, Defendant-Appellant.

No. 40928.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1980.

James M. Smith, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Katherine M. Krause, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., George R. Westfall, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of robbery in the first degree with a dangerous and deadly weapon and sentence of twelve years. Defendant's motion to set aside the sentence pursuant to Rule 27.26 because of ineffective assistance of counsel in failing to perfect an appeal was granted. Defendant was resentenced to twelve years imprisonment and this appeal followed. We affirm.

No detailed statement of facts is necessary. The evidence was that defendant with two other persons, held up at gunpoint a Chuck-A-Burger in Pagedale in St. Louis County. The defense was alibi.

Defendant's first two points are related. During opening statement the prosecutor advised the jury that after the preliminary hearing defendant had come by the home of

one of the witnesses and requested that the witness not testify against defendant. The statement attributed to defendant by the prosecutor could not be considered as threatening but more in the nature of cajoling. No objection was made to the prosecutor's statement. During examination of the witness, the prosecutor elicited that defendant had come by the home of the witness driving an automobile which the witness identified as the getaway car. Objections of irrelevancy were made to this area of inquiry but in each case after the witness had answered the question. These objections were overruled. The trial court did sustain an objection when the prosecutor sought to elicit what defendant said to the witness at her home.

We find no plain error in the failure of the trial court to take remedial action during the opening statement. A prosecutor's opening statement is improper if he refers to evidence he knows is inadmissible or if he knows the only witness who might furnish the evidence is unavailable. *State v. Stillman*, 310 S.W.2d 886 (Mo.1958) [2–6]. The standard is essentially one of good faith. *State v. Browner*, 587 S.W.2d 948 (Mo.App.1979) [4–9].

We are unable to find the absence of good faith here.

"The general rule is that acts, conduct, and declarations of the accused occurring after the commission of an alleged offense which are relevant and tend to show a consciousness of guilt, or a desire or disposition to conceal the crime, are admissible in evidence." *State v. Walker*, 357 Mo. 394, 208 S.W.2d 233 (1948) [1, 2].

Normally, the cases deal with threatening statements by a defendant to a witness. These are generally considered to be admissible within the above-stated general rule. It is not clear whether entreaties to a witness not to testify fit within the same general rule. They are certainly not so clearly outside the scope of the general rule that we or the trial court should conclude that the prosecutor's statement was made in bad faith. We find no plain error in the trial court's conduct during the opening statement.

We also find no error in the trial court permitting the questions about the witness having seen the defendant between the preliminary hearing and the trial. The questions asked were relevant to the identity of the defendant and the automobile used in the robbery. The court sustained objections to statements made by the defendant. Additionally, defendant's objections were made after the questions had been answered and there is no indication that they could not have been made before the answer. Nor, was there a motion to strike the answer. The objections were untimely and there was no error in overruling them. *State v. Phillips*, 480 S.W.2d 836 (Mo.1972) [2, 3]; *State v. Velanti*, 331 S.W.2d 542 (Mo.1960) [7].

Defendant's next contention is that the court erred in permitting a witness for the state to be recalled and to testify on redirect examination about a matter which could have been elicited on direct. The proper scope of redirect examination is a matter largely left to the discretion of the trial court. *State v. Remspecher*, 542 S.W.2d 24 (Mo.App.1976) [3, 4]. The testimony here pertained to an identifying mark on defendant's hand. It could have been testified to on direct examination. The witness had been cross-examined extensively on her ability to identify the defendant and the testimony on re-direct went to the area of identification. Further, the information elicited on re-direct had apparently been overlooked by the prosecutor and it was called to his attention during the noon recess following the witness' cross-examination. The testimony was clearly relevant and probative on defendant's participation in the robbery. While it is, of course, important that proper procedures be followed in the trial of a law suit, it is within the discretionary authority of the trial court to allow variances from that procedure in the interest of justice. The trial of a case is an effort to arrive at the truth and where variances from strict procedural methods are necessary to do this a trial judge has

the discretion to permit such variances, at least of the type involved here. Defendant has demonstrated no prejudice from the action of the trial court other than that relevant, probative, and admissible testimony was placed before the jury which testimony had been overlooked during the witness' direct testimony. Extensive re-cross examination was permitted by the court. We find no abuse of discretion by the trial court.

■ Defendant's final point is that the court erred in failing to read MAI–CR 1.08 to the jury at the time of the first recess. No objection was made to this failure at the time and on subsequent recesses the instruction was read to the jury. The failure to read the instruction was error but the failure to object means the matter has not been preserved for review. *State v. Ward,* 588 S.W.2d 728 (Mo.App.1979) [3, 4]. As we stated there:

> "Defendant may not allow possibly objectionable conduct to continue unchallenged for an extended period of time, and then ultimately pose an objection or motion, when he could have given the court an opportunity to correct and avoid the conduct complained of at its very inception."

■ We are aware of Rule 28.03 which provides that it is not necessary to object to the failure to give instructions to preserve the matter for review.[1] The same language also appeared in the predecessor rule 20.03 in effect before the adoption of MAI–CR in January 1974. We believe that language was intended to apply to the substantive instructions given immediately prior to the arguments of counsel before the submission of the case, and not to the now mandated, essentially procedural instructions required at the beginning and periodically throughout the case and which are not given in written form to the jury prior to deliberation. There is no reason to permit a litigant to wait until the motion for new trial

to call the court's attention to its failure to read a mandatory non-variable instruction early in the trial, particularly when any error could have been immediately corrected by the trial court.[2]

Judgment affirmed.

SATZ, J., and ALDEN A. STOCKARD, Special Judge, concur.

---

1. *See also* Rule 78.09 and its predecessor 79.01.

2. *See* MAI–CR2d 1.08, Notes On Use 2 which places a duty on counsel to remind the court to give 1.08(b)—the "reminding" instruction. MAI–CR2d was not in effect at the time of this trial in 1974.