**STATE of Missouri, Respondent,**

v.

**Everett George BOYD, Appellant.**

**No. 42101.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

William Shaw, Public Defender, Timothy M. Gardner, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Everett G. Boyd guilty of stealing three credit cards (Sec. 570.030 2. (3)(c) R.S.Mo.1978), and fixed his punishment at three years in prison. Judgment, after-trial motion, commitment and appeal followed.

The relevant facts: Victim Roy Hart casually met defendant; they went to Hart's apartment and drank heavily; Hart went to bed and awoke to find his clothes and some household goods packed up; his wallet containing his credit cards had been moved from atop his dresser; with defendant's consent Hart phoned the police; while they waited defendant was seated in a tall overstuffed chair; when police arrived they asked defendant to rise and be searched; after he stood up police found Hart's three credit cards beneath the chair cushion. Defendant did not testify.

Defendant now contends the trial court erred (1) by refusing to hear and rule on defendant's pre-trial motion to suppress; (2) by allowing police to testify about a warrantless search of defendant; and (3) by allowing testimony based on an undisclosed police report.

We deny defendant's first point for two reasons. He had on file a motion to suppress evidence but did not request a ruling on it until the day after an arduous voir dire was completed; the court then declined to rule on it. Defendant's motion, if granted, would have made trial unnecessary. In *State v. Jordan*, 506 S.W.2d 74[4] (Mo.App.1974) we held that on an appropriate motion a hearing should be held if "a timely request is made". Delay in seeking discovery is ground for denial. *State v. Ambus*, 522 S.W.2d 306[1] (Mo.App.1975);

*State v. Remspecher*, 542 S.W.2d 24[1] (Mo. App.1976). In *State v. Mobley*, 369 S.W.2d 576[9] (Mo.1963), the court dealt with a belated discovery motion and upheld the trial court's refusal to hear it, saying: "The trial court should not be ambushed by any such shotgun procedure as this." So it is here.

■ Furthermore, we hold the court was justified in denying the motion because of its broad content. Under Rule 25.06(e) V.A.M.R. a motion to suppress must clearly specify the grounds relied on and unless it does so it shall be disregarded. Defendant's motion here was conclusory; it did not state what items were seized, which items were being objected to, or from where they were seized. We deny defendant's point on the authority of *Williams v. State*, 437 S.W.2d 82[5] (Mo.1969), and *State v. Jordan*, 506 S.W.2d 74[7–8] (Mo.App.1974).

■ By his second point relied on defendant claims error in allowing police to testify about a warrantless search which found the stolen credit cards beneath the chair cushion on which defendant had been seated. Defendant makes no reference to this in the argument section of his brief and we consider it abandoned. However, we find on our own there was no search, which by definition is an examination of one's premises or of his person, neither of which occurred here. Sec. 79 C.J.S. Searches and Seizures § 1, citing *State v. Beck*, 337 Mo. 839, 85 S.W.2d 1026 and a host of other cases.

■ Defendant's remaining point is that the trial court erred in admitting testimony based on a non-disclosed 7-page police report, allegedly inconsistent with the 4-page police report previously disclosed to defendant. This arose when a police officer was refreshing his recollection by the 7-page report; neither counsel had previously seen it. Defense counsel requested a mistrial. The court granted counsel an hour's recess to inspect the 7-page report and he then noted some discrepancies.

Our review of the record confirms the trial court's findings that there were no substantial discrepancies and that the victim's previous unobjected-to testimony had covered the substance of the 7-page report. The court noted that the witness was still subject to cross-examination, and ruled defendant had not been prejudiced.

■ Rule 25.32 provides for the state's disclosure of material information and the permissible sanction of excluding the undisclosed information. That is but one of a trial court's permissible sanctions. Whether the non-disclosure has resulted in prejudice is initially within the trial court's discretion. *State v. Gormon*, 584 S.W.2d 420[1] (Mo.App.1979). We find that discretion was not abused and deny defendant's point. Compare *State v. Rapheld*, 587 S.W.2d 881[9] (Mo.App.1979).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.