**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Levi HODGE, Defendant-Appellant.**

**No. 12909.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 17, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 1, 1983.

Application to Transfer Denied
Dec. 20, 1983.

John D. Wiggins, Pros. Atty., Ronald D. White, Asst. Pros. Atty., Rolla, for plaintiff-respondent.

J. Max Price, John D. Beger, Price & Beger, Salem, for defendant-appellant.

GREENE, Chief Judge.

Defendant was jury-tried and convicted of driving while intoxicated, first offense, a class B misdemeanor, and thereafter sentenced to four months' imprisonment and a $500 fine in accordance with the jury's recommendation. The evidence was sufficient to sustain the conviction and is not questioned here.

Defendant's four allegations of trial court error all concern written jury instructions, or lack of them.

Defendant's first point relied on concerns the failure of the trial court to read an instruction to the jury. The factual matters surrounding this alleged error are as follows. The original information charging Hodge showed the endorsement of the arresting officer, Sergeant Herbert Hoffman, a member of the Missouri State Highway Patrol, as a witness. On the morning of trial, the state filed an amended information, which endorsed additional witnesses and specified the location of the offense, but inadvertently omitted the name of Sergeant Hoffman. Hoffman was tendered as the state's first witness and defense counsel objected to his testimony for the reason that he had not been properly endorsed. The trial court called a recess to consider the objection and told the jury, "Members of the jury we will need to take a recess and while we're in the recess, please do not talk about the case among yourselves or with others and stay in the jury room and we'll have you back in just a moment." The trial court did not read pattern instruction MAI–CR2d 1.08(a)[1] to the jury at that time, but read it at all subsequent recesses.

---

1. MAI–CR2d 1.08(a) reads:

"It is the Court's duty to instruct you now upon a matter about which you will be reminded at each recess or adjournment of court. Until this case is given to you to decide, you must not discuss any subject connected with the trial among yourselves, or form or express any opinion about it, and, until you are discharged as jurors, you must not talk with others about the case, or permit

Defense counsel did not request the court to give the instruction in question, prior to the brief recess, and did not object to its failure to give it, but first raised the issue in his motion for new trial. The instruction is procedural, not substantive, and while failure to give it is error, defense counsel's failure to object, or to request that the trial court give the instruction at the time in question, excused the error and preserves nothing for review. *State v. Hurst,* 612 S.W.2d 846, 857 (Mo.App.1981); *State v. Boyd,* 600 S.W.2d 97, 100 (Mo.App.1980). There is no reason to permit a litigant to wait until a motion for new trial is filed to call to the trial court's attention its failure to read a mandatory non-variable procedural instruction early in trial, particularly when any error could have been immediately corrected by the trial court. The point is denied.

Defendant's remaining allegations of error are 1) failure of the trial court to advise the jury in the verdict directing instruction that they could, in the event they found Hodge guilty, recommend to the court that a fine, in lieu of, or in addition to imprisonment, be imposed, 2) orally instructing the jury, after they returned from the jury room with a question, that they could recommend a fine of up to $500, and 3) omitting a paragraph from written instruction No. 8 (MAI–CR2d 2.68) and, upon discovering such omission, reading to the jury the omitted portion, which stated it was the jury's duty alone to render such verdict under the law and the evidence as in their reason and conscience was true and just. Defendant's brief does not contain any citation of authority that holds that these alleged commissions or omissions of the trial court constituted prejudicial error.

■ While we are not precluded from giving consideration to points not followed by citation of authority, we decline to do so in this case for the reason that the points raised are not matters of first impression,

logic, or policy, and are not an analysis of statutory or documentary language on which the appellate courts of the state have authoritatively spoken. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). We are aware of the discretion vested in us by Rule 30.20, V.A.M.R., which permits us to consider, whether properly briefed or not, plain errors affecting substantial rights resulting in manifest injustice or a miscarriage of justice, but no such error occurred here.

■ Here, the jury was advised, before it reached its verdict, through written instruction No. 6 (MAI–CR2d 2.60—Range of Punishment) that if they found defendant guilty as charged, the court could sentence Hodge to imprisonment for a term not exceeding that recommended by the jury, or could fine the defendant, the amount to be determined by the applicable statute, or to impose both imprisonment and payment of such fine. Further, the jury was advised orally by the trial court, *with the agreement of defendant's counsel,* that they could impose a fine of up to $500 as punishment. By its verdict, recommending imprisonment and a fine, the jury showed that it completely understood the legal range of punishment, and acted accordingly.

There is nothing in the record that even remotely suggests that defendant was prejudiced by the method in which the jury was advised of the range of punishment, or that the instructions given deprived Hodge of receiving only a fine, as the jury's action in recommending four months' imprisonment, in addition to the fine precludes such a conclusion. *State v. Koetting,* 616 S.W.2d 822, 828 (Mo. banc 1981).

■ As to the initial omission of the paragraph in instruction No. 8 (MAI–CR2d 2.68) advising the jury that they had the sole duty of rendering a true and just verdict based on the evidence and the law, the court discovered such omission during the closing arguments, called the omission to

them to discuss it with you or in your hearing, or read, view or listen to any newspaper, radio or television report of the trial.

The bailiff and other officers of the court are not permitted to talk to you about any subject connected with the trial, and you are not permitted to talk to them about it."

the attorneys' attention, read the omitted paragraph to the jury, and corrected the written instruction which went to the jury. The error of omission was corrected by the trial judge before any possible harm was done. We find no prejudice in this assignment of error.

While it is true that there were several minute procedural mistakes in the instructional aspects of this case, none of them, individually or cumulatively, rise to the level of prejudice resulting in reversible error.

Our review indicates that defendant had a fair trial, and that the judgment of the trial court should be affirmed.

So ordered.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.