**Allen Jack HOOKER,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16029.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1989.

Motion for Rehearing or Transfer
Denied July 21, 1989.

Application to Transfer Denied
Sept. 12, 1989.

---

James R. Wyrsch, Susan M. Hunt, Michael P. Joyce, Koenigsdorf & Wyrsch, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

Allen Jack Hooker, to whom we shall refer as the defendant, was found guilty of the distribution and delivery of cocaine, a Schedule II controlled substance, in violation of § 195.020.1, RSMo Supp.1984. Defendant's punishment was assessed at imprisonment for 17 years under the provisions of § 195.200.1(4), RSMo Supp.1984. On direct appeal, this court affirmed the conviction. *State v. Hooker,* 713 S.W.2d 885 (Mo.App.1986). Thereafter defendant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. 2254. As grounds for relief in the United States District Court, the defendant asserted that:

"Defendant's conviction was obtained by action of a petit jury which was unconstitutionally selected and empaneled in violation of Defendant's [S]ixth and [F]ourteenth [A]mendment rights to trial by a fair and impartial jury. [and]

The trial court committed prejudicial error in admitting Defendant's incriminating statements that he gave the victim cocaine because the state did not introduce sufficient evidence or corroboration independent of the statements of the Defendant that the crime of distribution and delivering cocaine was in fact committed sufficient to prove the corpus delicti independent of the extra judicial statements in violation of Defendant's due process rights."

The State sought dismissal of the petition in the district court on the ground that the defendant had failed to exhaust his available state remedies. Acknowledging

that a person in custody under a state court judgment must exhaust all available and adequate state remedies as a precondition for federal court intervention by writ of habeas corpus, 28 U.S.C.A. 2254(b), the defendant argued that his direct appeal sufficiently exhausted his state remedies. The defendant maintained, in the district court, that he had presented the following issues:

"[1.] The trial court erred and prejudicially so in admitting appellant's incriminating statements related by witnesses James Perry, Chris Mattes, and Max Basey to the effect that he gave Ruth Fisher cocaine because the state did not sufficiently prove the corpus delicti independent of the extra judicial statements of the appellant in that there was no evidence or corroboration independent of the statements of the appellant that the crime of distributing and delivering cocaine was in fact committed.

[2.] That the trial court erred in refusing appellant's challenge for cause to venireman Bedell and thus causing appellant to have to exercise one of his peremptory challenges because he stated that he did not know if he could be a fair and impartial juror because of his association with various state's witnesses."

Conceding that the defendant had presented the assignments of error just stated to this court, the district court held the defendant had not exhausted his state court remedies because he had not presented his claims of error as constitutional issues. Being convinced that the Missouri courts would consider the defendant's assignments of error anew if the error was presented as error of constitutional dimension, the district court dismissed the defendant's petition. The defendant thereupon filed a motion for postconviction relief pursuant to former Rule 27.26.[1] The motion court considered the trial record, heard arguments, and denied relief. The defendant has appealed.

---

1. Inasmuch as sentence was pronounced prior to January 1, 1988, and this proceeding was pending before the effective date of present

Rule 29.15, the appeal is governed by the law applicable to proceedings under former Rule 27.26. Rule 29.15(m).

■ We believe we could discharge our duty in this case simply by saying that under the controlling decision of our Supreme Court, when an issue has been decided on direct appeal, the defendant may not obtain a second review of the same point even though the issue is cloaked in a different theory. *O'Neal v. State*, 766 S.W.2d 91, 92[1] (Mo.banc 1989); *Bannister v. State*, 726 S.W.2d 821, 830 (Mo.App.1987), cert. denied, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 747. However, as the district court observed, former Rule 27.26(b)(3) provided that although "... Mere trial errors are to be corrected by direct appeal, ... trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." Inasmuch as the defendant was, in effect, directed to present his allegations of error as constitutional error, we have decided, in the exercise of discretion, to review those points submitted to the motion court and properly preserved for review, primarily to determine whether some error of constitutional dimension was overlooked on direct appeal. We have concluded that the rule which governs this appeal is that trial error is not made error of constitutional dimension merely by alleging in conclusional terms that the trial court infringed the defendant's constitutional rights. *Thompson v. State*, 569 S.W.2d 380, 382 (Mo.App.1978); *Crawford v. State*, 554 S.W.2d 491, 493[3] (Mo.App.1977).

■ The defendant's first point on this appeal, as stated, is that:

"The motion court clearly erred in denying defendant's motion to vacate, set aside, and correct his conviction and sentence pursuant to Missouri Rule of Criminal Procedure 27.26 because defendant demonstrated by a preponderance of the evidence that his conviction was obtained by action of a petit jury, which was unconstitutionally selected and impaneled in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and his rights pursuant to Article I, Section 18(a) of the Missouri Constitution to a trial by a fair and impartial jury."

This contention—as expanded in the defendant's brief—is simply a reargument of the first point briefed and submitted on the direct appeal. On direct appeal, the defendant maintained the trial court erred in refusing to excuse venireman Bedell for cause, thereby depriving him of his right to a full panel of qualified veniremen from which to make his allotted peremptory challenges. See *State v. Hooker*, 713 S.W.2d at 887.

Comparison of this contention, as expanded in the defendant's brief, with the opinion on direct appeal demonstrates that in this case, the defendant is merely restating his first point on appeal in constitutional terms. See *State v. Hooker*, 713 S.W.2d at 887. One might dismiss the point by saying that no error of constitutional dimension is involved because the right to peremptory challenges is not constitutional in origin, *Batson v. Kentucky*, 476 U.S. 79, 91, 106 S.Ct. 1712, 1720, 90 L.Ed.2d 69 (1986), therefore forcing a criminal defendant to expend peremptory strikes does not infringe a constitutionally protected right.

In our view the sound approach is that taken by the United States Court of Appeals for the Ninth Circuit in *United States v. Claiborne*, 765 F.2d 784 (9th Cir. 1985), cert. denied, 475 U.S. 1120, 106 S.Ct. 1636, 90 L.Ed.2d 182 (1986). The court there noted that even though forcing a defendant to expend his peremptory challenges may impair his Sixth Amendment right to a fair trial, a constitutional problem arises only in cases where a prospective juror upon whom defendant spent a peremptory challenge was actually biased and therefore should have been excused by the trial court. *United States v. Claiborne*, 765 F.2d at 799–800. Moreover the federal courts, like our courts, generally hold that in determining the qualifications of a prospective juror, the trial court has broad discretion, and its ruling will not be disturbed on appeal except for an abuse of that discretion. Compare *United States v. Claiborne*, 765 F.2d at 800[31]; *State v. Betts*, 646 S.W.2d 94, 98 (Mo.banc 1983). No matter in what language or form it is cast, the question posed by the defendant's

first point is whether the trial court erred and abused its discretion in refusing to strike venireman Bedell for cause. We have reexamined the record, and draw the same conclusion we drew on direct appeal: the trial court did not err in refusing to strike Bedell.

The second ground for relief asserted in the postconviction motion is, as stated, that:

"The trial court committed prejudicial error in violation of defendant's rights to due process of law by admitting [defendant's] incriminating statements that he gave the victim cocaine because the State did not introduce sufficient evidence or corroboration independent of [defendant's] statements that the crime of distribution and delivering cocaine was, in fact committed sufficient to prove the corpus delicti independent of the extra-judicial statements in violation of petitioner's fourteenth amendment rights to due process of law."

This assignment of error is the defendant's second point on direct appeal, stated in greater detail. The motion court found against the defendant on this contention, and while we addressed the selfsame point very directly and ungrammatically on appeal[2] we shall notice the point.

■ On trial and on direct appeal, it was vigorously contended that the evidence was insufficient to sustain the conviction because the "corpus delicti rule" had not been satisfied. The corpus delicti rule, in its classic form, is that no criminal conviction can be based upon the defendant's extrajudicial confession or admission, although otherwise admissible, unless there is other evidence tending to establish the corpus delicti. *State v. McQuinn*, 361 Mo. 631, 633, 235 S.W.2d 396, 397[2] (1951); R. Perkins, Criminal Law 98 (2d ed. 1969). It is said that despite its initial development in cases involving violent crimes, the corpus delicti rule is now applicable in all criminal cases. McCormick, Evidence § 145, pp.

365–66 (3d ed. 1984). Upon review to determine whether the corpus delicti rule has been satisfied, the critical inquiry is whether there is proof, independent of the defendant's inculpatory statements, that the crime charged was committed by someone. See McCormick, Evidence § 145 at p. 367. In this jurisdiction, it is held that if a confession is made which enables the State to discover corroborating evidence of the particular crime confessed, the corroborating evidence need not be sufficient, independent of the confession, to establish complete proof that the crime has been committed. *State v. McQuinn*, 361 Mo. at 633, 235 S.W.2d at 397[4,5]; *State v. Morro*, 313 Mo. 98, 108, 281 S.W. 720, 722 (1926).

■ In this postconviction proceeding, the defendant has raised his second point on direct appeal as a matter of substantive due process by citing us to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jackson* the United States Supreme Court held that "... an essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. at 316, 99 S.Ct. at 2787. It is worth noting, however, that in a qualifying footnote, the court held that: "... Just as the standard announced today does not permit a court to make its own subjective determination of guilt or innocence, *it does not require scrutiny of the reasoning process actually used by the factfinder—if known*." *Jackson v. Virginia*, 443 U.S. at 320, n. 13, 99 S.Ct. at 2789, n. 13 (emphasis added).

On direct appeal, noting that the elements of the crime charged were not identical to the elements of the corpus delicti, this court was of the opinion that the corpus delicti consisted of: 1) delivery of a

---

**2.** "... If the defendant's incriminating statements were initially inadmissible, they become [sic] admissible in the course of the trial, in light of the testimony of other officers, when

the corpus delicti had become abundantly established, there was no prejudicial error, and the defendant's guilt was established...." *State v. Hooker*, 713 S.W.2d at 887[4].

controlled substance to Ms. Fisher, and 2) distribution, i.e., delivering other than by administering or dispensing the controlled substance. If these elements were established, then the criminal agency of the defendant was supplied by his confession. *State v. Saussele,* 265 S.W.2d 290, 297–98 (Mo.banc 1954).

What facts, then, are fairly inferable from the record as tending to establish the corpus delicti? As noted on direct appeal, about 6:30 a.m. on March 25, 1984, a Joplin ambulance service received a report that a person was having difficulty breathing. Two paramedics, James Perry and Connie Schmidt, responded. They went to a residence in the north part of Newton County. They found the defendant sitting on the "passenger side" of a pickup truck parked near the residence. A nude woman, one Ruth Fisher, was "spread across the bench seat in the pickup" with "her head and [the] upper part of her body across [the defendant's] lap." The State had testimony from a deputy sheriff that he knew Ruth Fisher and knew that she was living with the defendant.

Again as noted on direct appeal, it is a fair inference that Ms. Fisher was dead when the paramedics arrived at the defendant's residence. Nevertheless, she was taken to a hospital and maintained on a life support system for about 48 hours. An autopsy was then performed. Samples of body fluids taken during the autopsy revealed a high level of cocaine and its metabolites in her body. The autopsy disclosed the presence of no disease or illness which would require the use of narcotic drugs. Contrary to the defendant's assertion, a "needle mark," not attributable to treatment in the hospital, was discovered on Ms. Fisher's body. As for defendant's suggestion that the cocaine in Ms. Fisher's blood may have had an innocent or legitimate origin, this court is entitled to take judicial notice of the fact that cocaine is a highly toxic and dangerous drug which has few legitimate medical uses. *State v. Anonymous,* 30 Conn.Supp. 267, 310 A.2d 609, 613 (1973–7).

It is not necessary to repeat the substance of the defendant's confession. It was sufficient to establish his criminal agency and complete the State's case. Our intent, in stating the parties contentions in some detail and in going over the facts as we have is to show that even though the defendant has stated his grounds for relief as constitutional grounds, they are essentially the same points which were presented on appeal: 1) did the trial court err in admitting the defendant's extrajudicial confessions or admissions because the "corpus delicti rule" had not been satisfied? and 2) did the trial court err in refusing to excuse venireman Bedell for cause?

The answer to both questions is no, as we determined on direct appeal. We have reviewed the record again and reach the same conclusion we reached on direct appeal. Consequently, the judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.